**Neta JONES, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant-Appellee.**

**No. 9269.**

United States Court of Appeals
Tenth Circuit.

Oct. 3, 1969.

Milam L. R. Wade, Dallas, Tex. (Daniel Sosa, Jr., Las Cruces, N. M., with him on the brief), for plaintiff-appellant.

J. F. Bishop, Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Ruth C. Streeter, U. S. Atty., Morton Hollander and J. F. Bishop, Dept. of Justice, with him on the brief), for defendant-appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from an Order of the District Court for the District of New Mexico granting defendant's Motion for Summary Judgment in an action by which Neta Jones, claimant, seeks to recover Mother's and Child's benefits as provided by 42 U.S.C. Section 402(g) and (d) based on the account of Curtis Wesley Jones, deceased. We affirm.

■ At the outset, we consider sua sponte the propriety of deciding this matter in the District Court by summary judgment. On oral argument, some concern was expressed lest disposition of the case on summary judgment deprive the parties of their statutory right of judicial review. We have concluded that the suggestion is not well taken for the reason that the proper inquiry presented by motion for summary judgment is whether there is substantial evidence to support the findings of the Secretary. Reyes Robles v. Finch, 409 F.2d 84 (1st Cir. 1969); Braaksma v. Celebrezze, 246 F.Supp. 767 (S.D.Cal. 1963); Rials v. Ribicoff, 207 F.Supp. 904 (W.D.Ky.1962). And a motion for summary judgment is merely a procedure to invoke exercise of the court's power set forth in 42 U.S.C. Section 405(g) to enter its judgment upon the "pleadings and transcript of the record". Thus, there is no frustration of congressional policy that the parties be afforded an evidentiary review of the case. We are convinced that the District Court disposed of the matter based upon the view that substantial evidence supported the Hearing Examiner's findings.

Claimant asserts that she is the widow of decedent for the purposes of 42 U.S.C. Section 402(g) by virtue of a common law marriage valid under Texas law; that Curtis Wayne Jones, as the issue of that marriage, may inherit personal property from the decedent and thus qualifies as a child under 42 U.S.C. Section 416(h) (2) (A); that if a valid common law marriage was not contracted, Curtis Wayne Jones is nonetheless a child of decedent for the purposes of the Act, since decedent acknowledged in writing paternity of the boy. 42 U.S.C. Section 416(h) (3) (C).

The Hearing Examiner found that claimant and decedent were not common law husband and wife and that Curtis Wayne Jones was not the child of decedent within the meaning of the Social Security Act. The Appeals Council upheld the decision of the Hearing Examiner, and his decision became the final decision of the Secretary.

■ It is agreed that Texas law governs in determining whether claimant and decedent were common law husband and wife. Texas law recognizes common law marriages, although it does not favor them. Texas Employers' Insurance Association v. Elder, 274 S.W.2d 144 (Tex.Civ.App.1955), aff'd 155 Tex. 27, 282 S.W.2d 371 (1955). In order to establish a valid common law marriage, it is necessary to show that the parties: (1) entered into an expressed or implied agreement to become husband and wife; (2) that such an agreement was followed by cohabitation as man and wife; (3) that they held each other out professedly and publicly as husband and wife. Rosales v. Rosales, 377 S.W. 2d 661 (Tex.Civ.App.1964).

■ Applying Texas law, the ultimate question is whether the administrative denial of the common law marriage is based upon facts supported by substantial evidence. If so, the findings of the Secretary are conclusive on judicial review both in the trial court and here. 42 U.S.C. Section 405(g). Gardner v. Brian, 369 F.2d 443 (10th Cir. 1966) and cases cited therein. The sufficiency of the evidence to sustain the administrative decision has been likened to the sufficiency of the evidence to justify a refusal to direct a verdict in a jury case. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). And see C. H. Codding & Sons v. Armour and Company, 404 F.2d 1 at page 7 (10th Cir. 1968). Appellant refers us to portions

of the record that support her position but in exercising our power of review we must look at the entire record and not merely those portions favorable to the claimant. Gardner v. Bishop, 362 F.2d 917 (10th Cir. 1966). Having done so, we conclude that there is substantial evidence in the record to support the administrative decision that a common law marriage was not contracted and that decedent did not acknowledge in writing paternity of Curtis Wayne Jones. The precedential value of this opinion would not be enhanced by a detailed recitation of the evidence. Suffice it to say that we have exhausted our statutory power of review, and the judgment is affirmed.

Judgment affirmed.