William **TRUJILLO**, Plaintiff-Appellant,

v.

Eliot L. **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 150–70.

United States Court of Appeals, Tenth Circuit.

Aug. 20, 1970.

Gerald P. McDermott, Denver, Colo., filed a memorandum in opposition to summary affirmance on behalf of appellant.

James L. Treece, U. S. Atty., filed a memorandum supporting summary affirmance on behalf of appellee.

Before LEWIS, Chief Judge, PICKETT, Circuit Judge, and KERR, District Judge.

PER CURIAM.

William Trujillo commenced this action to obtain judicial review, pursuant to 42 U.S.C. § 405(g), of the determination of the Secretary of the Department of Health, Education and Welfare that he was not entitled to disability insurance benefits or a determination of a period of disability. The district court granted summary judgment in favor of the Secretary.

As the district court recognized, the function of judicial review under 42 U.S.C. § 405(g) is to determine whether the findings of fact of the Secretary are based upon substantial evidence, and inferences reasonably drawn therefrom. If they are so supported, they are conclusive upon the reviewing court and may not be disturbed. Atteberry v. Finch, 424 F.2d 36 (10th Cir. 1970). Jones v. Finch, 416 F.2d 89 (10th Cir. 1969); McMillin v. Gardner, 384 F.2d 596 (10th Cir. 1967); Gardner v. Brian, 369 F.2d 443 (10th Cir. 1966).

Trujillo, a resident of Denver, Colorado, was born in 1933, and has an eighth-grade education. His occupational history consists of relatively unskilled physical labor. From 1949 to 1962, he worked at a canning factory as a process foreman, operating a grinder. This job ended when his employer died. He then worked for three and one-half years, until some time in 1965, as a metal sorter at a metal salvage yard. His last employment was also in 1965, operating a

metal bailer or press at another junk yard. This lasted only two weeks for he was dismissed after suffering a convulsive seizure at work. Although the dates are not clear, he apparently worked briefly, also in 1965, at short-lived seasonal employment as a laborer at a vinegar company, and in flood-cleanup operations. Since his last job, he has made no effort to find other employment.

Trujillo suffers two physical infirmities; epilepsy and a fusion of the left wrist. Dr. Case, an internist who saw claimant five times in 1966–1967, testified that in the two-year period prior to June, 1966, he suffered four to six "blackouts." During his one-year consultation with Dr. Case, claimant suffered six to eight grand mal seizures, which the doctor diagnosed as epilepsy. He now receives medication, and suffered only one seizure in the year prior to the hearing. Although Dr. Case offered his opinion that Trujillo was disabled, he stated that aside from the infrequent seizures, his functional capacity was unimpaired by the epileptic condition.

After a gunshot wound in 1967, an arthrodesis, or fusion, was performed on Trujillo's left wrist, which impairs its movement. However, he retains full use of the left arm and hand. A report of a 1968 psychiatric examination recited a diagnostic impression of a "passive-aggressive personality pattern," with a chronic depressive reaction. However, Dr. Case testified that this was not a disabling factor.

Thus, since 1965 when he last worked, the only intervening physical problem has been the impairment of his left wrist. The epilepsy has been significantly controlled, with the result that the seizures, which Trujillo claimed as the main reason he could not work, are now quite infrequent.

The occupational limitations which result from claimant's condition are not extensive. He should avoid work around hazardous machinery or in high places, and work which requires heavy or complicated manual ability. In addition, his duties should not require him to be alone for long periods.

The first prerequisite for a finding of disability is that the claimant be "unable to do his previous work * * *." 42 U.S.C. § 423(a) (2) (A). Dr. Martin, director of a graduate rehabilitation counselling program enumerated a number of jobs she regarded as within claimant's ability, considering his age, education, and physical condition. Of especial, and we think controlling, significance is her testimony that Trujillo could do the same kind of work he did in his last job of substantial duration, work in an auto and metal salvage yard.[1]

■ Opposing summary affirmance, appellant argues that the Secretary showed merely the theoretical availability of a job, and not the actual availability of work. However, Dr. Martin's testimony, uncontradicted, that Trujillo could return to his former work obviated the need for further vocational testimony. Gray v. Secretary of Health, Education and Welfare, 421 F.2d 638 (5th Cir. 1970). There was more, notwithstanding. We agree with the district court that "Dr. Martin testified as to many types of jobs which the plaintiff could successfully undertake, despite his impairments and indicated that these jobs exist in the Denver area. The Act as amended requires no more than this."

---

1. " * * * I now see that his left hand is somewhat impaired, that free motion is impaired. I now question whether he could do auto repair. In connection with this interest, however, I had in mind another kind of job; and I take it that it is work that he has actually done at National Iron and Metal. I was thinking of a full-time job with auto salvage. There are many junk yards hereabouts in which the employees are asked to remove a part from an old car which would be resold to somebody who needs it. There are dozens of places within the area, and I have no doubt that jobs are available so that this occurs to me as a very real possibility for his employment, one that he could easily do but would not involve his impairment."

**1152**

■■ Appellant urges reversible error in the admission before the hearing examiner of certain written medical reports, to which claimant objected as hearsay. Congress has provided that "[e]vidence may be received * * * before the Secretary even though inadmissible under the rules of evidence applicable to court procedure." 42 U.S.C. § 405(g). The district court concluded that doctors' reports may be considered by the hearing examiner where the author of the report has himself examined the claimant. We agree that hearsay evidence is not per se inadmissible. Rather, the overriding question is whether all the evidence before the examiner, including hearsay of substantial and probative value, affords a substantial basis for his decision. Cohen v. Perales, 412 F.2d 44 (5th Cir. 1969). Appellant cites Ratliff v. Celebrezze, 338 F.2d 978 (6th Cir. 1964), where the court described as "unsatisfactory" proof consisting of "unsworn written statements by physicians and surgeons with no opportunity given to claimant to ask questions or to cross-examine." 338 F.2d at 982. The decision of the hearing examiner in this case that claimant was not disabled and was in fact "able to engage in [available] work as indicated by the vocational expert" rests upon no such infirm evidence.

Pursuant to Rule 43(a), F.R.A.P., Secretary Eliot L. Richardson is substituted as appellee.

Appellant was notified that the court was considering summary affirmance, and took the opportunity afforded him to oppose such disposition by filing a memorandum addressing the merits of his cause. Appellee has filed a memorandum supporting summary affirmance. Examination of the file, records, and memoranda prompts the conclusion that the questions presented are so unsubstantial as not to warrant further argument. Accordingly, the judgment of the district court is affirmed on the court's own motion, pursuant to Rule 8(d) of the Revised Rules of this court, effective January 1, 1970.