John J. BEANE, Plaintiff-Appellant,

v.

Elliot L. RICHARDSON, as Secretary of Health, Education, and Welfare, Defendant-Appellee.

No. 71-2606.

United States Court of Appeals, Ninth Circuit.

March 14, 1972.

Rehearing Denied April 6, 1972.

Arthur S. Katz, Jeffrey A. Goldstein, Daniel S. Brunner, Ronald L. Sievers, Legal Aid Foundation, San Pedro, Cal., for plaintiff-appellant.

Philip S. Malinsky, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Before HUFSTEDLER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

The appellant sustained a fall on March 15, 1967, while working at his occupation as a sailmaker. He filed an application on January 9, 1968, for a period of disability under 42 U.S.C. § 416(i), and for disability insurance benefits under 42 U.S.C. § 423. His application was denied by the disability examiners and the matter went to hearing. The Hearing Examiner found in favor of appellant but the Appeals Council reviewed, considered some additional evi-

dence, and after examining the entire record *de novo,* concluded the claim did not entitle appellant to benefits. The Appeals Council's decision thus became the final decision of the Secretary of Health, Education and Welfare and subject to review by the district court. 42 U.S.C. § 405(g).[1]

 On appeal to this court, the findings of the Secretary are conclusive if supported by substantial evidence looking to the record as a whole. Harvey v. Richardson, 451 F.2d 589 (9th Cir. (1971), Rhinehart v. Finch, 438 F.2d 920 (9th Cir. 1971). Likewise, the statutory restriction upon our review applies to the inferences drawn from such facts, if they have a substantial basis in the record. Mark v. Celebrezze, 348 F. 2d 289 (9th Cir. 1965).

The judicial determination of this administrative finding presents only an issue of law and not a question of fact. Dredge Corporation v. Penny, 338 F.2d 456, 462 (9th Cir. 1964). It is therefore a proper issue to raise by summary judgment.

There appears to be no dispute about the dates for which the appellant would be entitled to a period of disability if in fact a disability existed. The special earnings requirements of 42 U.S.C. § 416(i) were met from a time prior to March 15, 1967, when appellant asserts he became unable to work, and they continued to be met through December 31, 1967. Therefore, in order to establish a right to disability insurance benefits, he must prove that his disability commenced on or before December 31, 1967.

The evidence has been examined *in toto.* Although some is conflicting, the decision of the Secretary is clearly supported by substantial evidence. Not only is there persuasive medical evidence of no disability during the disability period, but the vocational data shows that appellant worked during the period March 15, 1967 to March 21, 1968. He explains this by asserting that he was in fact unable to perform his duties except for a tolerant supervisor, but during the critical time he had twelve pay periods with overtime.

The judgment is affirmed.

---

1. 42 U.S.C. § 405(g) reads in pertinent part:

"Any, individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . in the district court of the United States. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ."