Virginia B. CHITTENDEN, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

No. T–5349.

United States District Court, D. Kansas.

Jan. 29, 1974.

E. Gene McKinney, Topeka, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Roger K. Weatherby, Asst. U. S. Atty., for defendant.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

This is an action under Section 201(g) of the Social Security Act, 42 U.S.C. § 401(g), for review of a final decision of the Secretary of Health, Education and Welfare. After a hearing on this matter, the Administrative Law Judge decided that the claimant did not have a physical impairment of such severity as to entitle her to benefits under the Act. Plaintiff duly filed an appeal to the Appeals Council and was requested by the Council to submit to a physical examination by a specialist in orthopedic surgery, Dr. Reckling. Upon examination of the record of the claimant and in light of the report of Dr. Reckling, the Appeals Council affirmed the decision of the Administrative Law Judge. Plaintiff then filed this action for review of the decision of the Appeals Council which stands as the final decision of the Secretary.

Plaintiff is a 59-year-old woman who claims disability because of a back ailment. In December of 1969 she suffered a fractured right hip and thigh, caused by a fall on the ice. This fracture was reduced by means of a metal plate and Jewett nailing. The evidence indicates that by August of 1970 the fracture had completely healed and the plaintiff had good motion of the hip and knee and very little residual stiffness. From August, 1970 to November, 1970 plaintiff was employed as a babysitter. On November 20, 1970, the plaintiff suffered a severe back pain when she attempted to lift a heavy briefcase in the home where she was working. She did not return to her job after that incident and several days later she called her doctor. On December 11, 1970, she was admitted to St. Francis Hospital with complaints of back trouble. After 12 days of various examinations and medications, and a diagnosis by her admitting physician of osteoporosis, acute low back strain, a question of early herniated disc and hypertension, the plaintiff was released from the hospital. She has not been employed since, and claims a disability as of November 20, 1970.

 As has been pointed out many times by the courts of this District as well as by the Tenth Circuit Court of Appeals, the function of judicial review under 42 U.S.C. § 405(g) is to determine whether or not the factual findings of the Secretary are based upon substantial evidence and inferences reasonably drawn therefrom. Trujillo v. Richardson, 429 F.2d 1149 (10th Cir. 1970); Adams v. Richardson, 336 F.Supp. 983 (D.Kan.1972). If the findings are so supported, they are conclusive upon the reviewing court and may not be disturbed.

 In reviewing the record in search of substantial evidence to support the Secretary's findings, four types of proof are to be considered: objective medical facts; expert medical opinion; subjective evidence of pain and disabili-

ty; and the claimant's age, educational background and work history. Branch v. Finch, 313 F.Supp. 337 (D.Kan.1970). The evidence in this case is, for the most part, conflicting and inconclusive. In support of the plaintiff's contentions there is a letter from Dr. Gendel, a Board certified orthopedic surgeon, in which he concludes that the plaintiff "should be considered disabled from work." (Tr. p. 141.) Also, the report of Dr. Reckling concluded that the plaintiff "is disabled from performing any type of activity which would require any bending, stooping, lifting or heavy labor." (Tr. p. 147.) However, the medical reports of Dr. Trees, plaintiff's attending physician who is also a Board certified orthopedic surgeon, Dr. Segerson, a highly qualified neurologist, and Dr. Bowen, whose credentials are not in the record, all support the conclusion of the Secretary. Dr. Trees reported that although the plaintiff complained of pain, there was no reason why she should have it. Basing his opinion on the results of objective medical tests, he advised her to see a psychiatrist. (Tr. p. 131.) Dr. Segerson concluded that the plaintiff's incapacity is "clearly characterlogical and emotional," and that there were "subjective complaints far away from objective findings." He also recommended psychiatric consultation. (Tr. p. 121.) The report of Dr. Bowen only related that he had no history of a present disability and he could not determine any from his records. (Tr. p. 137.)

It is not the duty of this Court to pass upon the weight and credibility of conflicting medical opinions. That is to be done by the Administrative Law Judge. See Adams v. Richardson, supra. It was the conclusion of that Judge that based upon all of the medical evidence before him, and upon the claimant's demeanor and her ability to demonstrate the twisting and lifting motion which caused her injury, that she was not entitled to disability benefits under the Act. It is apparent to this Court that that conclusion is supported by substantial evidence in the record.

Dr. Trees, Dr. Gendel and Dr. Reckling all diagnosed the plaintiff's condition as osteoporosis, an abnormal condition of diminution in the density of the bone due to a failure of the cells to produce bone matrix. (Tr. pp. 130, 141 & 147.) However, the nature and severity of this defect and its effect on the plaintiff's ability to engage in substantial gainful activity are the critical issues in this action. Although the conclusion of the Appeals Council was that the plaintiff could not perform work "which requires heavy lifting or sustained stooping and bending," the report of Dr. Reckling precluded plaintiff from engaging in any type of activity which would require *any* bending, stooping, lifting or heavy labor. (Tr. p. 147.) In light of the other evidence in the record, however, the Council's conclusion was not erroneous. And, even if the evidence were not conflicting, the opinion of Dr. Reckling would not necessarily entitle plaintiff to benefits, since she has a job history which includes various jobs that require no bending, stooping or lifting. The evidence indicates that plaintiff has been employed as an eyeglass cleaner, yearbook assembler, clothes saleswoman, dress pattern sorter, restaurant cashier and hostess, and a babysitter. (Tr. pp. 47–54.) Although the plaintiff may not be able to care for babies or very small children, which would require some stooping and lifting, the evidence would indicate that she could provide child care services to slightly older children or become gainfully employed in some other type of sedentary occupation. For these reasons the final decision of the Secretary will be affirmed and the defendant's motion for summary judgment is sustained.

It is so ordered.