W. G. NICKOL and Eva Rose Nickol,
his wife, Appellants,

v.

UNITED STATES of America and Rogers
C. B. Morton, Secretary of the
Interior, Appellees.

No. 74-1011.

United States Court of Appeals,
Tenth Circuit.

Argued March 28, 1974.

Decided June 18, 1974.

Rehearing and Rehearing En Banc
Denied Sept. 30, 1974.

Harry O. Morris, Albuquerque, N. M., for appellants.

Wallace H. Johnson, Carla A. Hills, Asst. Attys. Gen., Victor R. Ortega, U. S. Atty., James B. Grant, Asst. U. S. Atty., Carl Strass, John J. Zimmerman, William Kanter and Thomas G. Wilson, Attys., Dept. of Justice, for appellees.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

W. G. Nickol and his wife, Eva Rose Nickol, appeal from the order of the United States District Court for the District of New Mexico granting the defendant United States' motion for summary judgment. The case concerns a review under the Administrative Procedure Act of 1946, 5 U.S.C. §§ 701–706, of an adverse determination of the validity of a mining claim by the Board of Land Appeals, Office of Hearings and Appeals, Department of the Interior, entered on January 23, 1973, as IBLA 72–138 (9 IBLA 117). Appellants have ex-

**1390**

hausted their administrative remedies; *see* 43 C.F.R. § 1843.7 (1973).

The review in the district court raised the issue of whether the decision and affirmance of the Administrative Law Judge by the Board of Land Appeals was "supported by substantial evidence"; also as raised by the Nickols, whether it was "clearly erroneous as a matter of law."

The district court's order is as follows:

"This matter coming on for consideration upon the defendants' Motion for summary judgment, and the Court concluding that the only issue is whether there is evidence in the record before the Secretary to support his decision on an issue of fact, and the Court concluding that there is such evidence to support his decision;

"Now, Therefore,

"IT IS BY THE COURT ORDERED that Summary Judgment is granted in favor of the defendants and the action is dismissed."

■ An issue on appeal is whether this type of "summary judgment" is appropriate where the district court review of an agency action is limited to an examination of the administrative record to determine if there is substantial evidence to support the agency's determination. 5 U.S.C. § 706(2)(E). Such review is, of course, confined to the agency record, or such portion of it which the parties may cite, and additional evidence is not to be admitted. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). One court has characterized a "judicial determination of whether a finding of fact [in an administrative proceeding] is supported by substantial evidence" as "only a question of law" and therefore "subject to disposition by summary judgment." Dredge Corp. v. Penny, 338 F.2d 456 (9th Cir.). *See also* Beane v. Richardson, 457 F.2d 758 (9th Cir.); White v. Udall, 404 F.2d 334 (9th Cir.); Henrikson v. Udall, 350 F.2d 949 (9th Cir.); Todaro v. Pederson, 205 F.Supp. 612 (N.D.Ohio 1961), aff'd 305 F.2d 377 (6th Cir.); 6 Moore's Federal Practice ¶ 56.17[3], at 2472–73 (1974).

The very purpose, however, of such judicial review of agency action is to examine the facts in the record. Universal Camera Corp. v. NLRB, 340 U.S. 474 at 484. Thus it would seem that the prerequisites for a summary judgment under Fed.R.Civ.P. 56 are absent in a review of the administrative record under the circumstances before us. A judicial determination of whether "substantial evidence" can be found in the record to support the administrative conclusion necessarily involves a *fact* finding which in turn determines whether the agency's action must be upheld. The issues in such a judicial review are, by definition and in substance, genuine issues as to material fact, Fed.R.Civ.P. 56(c); the facts are the subject of substantial controversy and, as such, are in the normal course "actually and in good faith controverted." Fed.R.Civ.P. 56(d).

Under the statutory method applicable to this case, the district court was called upon to review and examine the record made during the course of the administrative proceedings. This record contains detailed testimony as to a variety of particular facts, conditions, and events. The testimony is of physical facts, economic conditions, and opinion. These are in great part divergent and conflicting. It was necessary in the administrative proceedings to evaluate the testimony to attempt to resolve conflicts, and to make choices as to particular positions. Most of the "facts," material and otherwise, as the term is used in Rule 56 of the Federal Rules of Civil Procedure were clearly disputed, placed in issue, and contested. This was the record before the district court.

The district court, under the statutory scheme, was then called upon to examine these facts in the record, evaluate the conflicts, and to then make a determination therefrom whether the facts supported the several elements which made up the ultimate administrative decision that the mining claims were in-

valid. This procedure by the district court is comparable to many decisions which must be made by appellate courts. Whether the record contains substantial evidence to support the action of the Secretary of the Interior is the ultimate determination to be made by the district court, but the fact it is the final point or ultimate issue does not necessarily mean that it is a legal issue. It looks like one perhaps because it is something that appellate courts usually do, but it is not particularly helpful with our problem to place it in a particular category.

For the district court to reach its conclusion requires this evaluation of testimony, resolution of conflicts, and a general examination of facts which would occur had the matter been "tried" in that court. The statutory standards and presumptions are different in degree only because the case has already been "tried" before someone else.

When this record arrives before this court, the matter has been tried, been reviewed administratively, and reviewed by the district court. For us to give it a meaningful review in accordance with the usual standards and practices applied by an appellate court, we must know how the trial court evaluated the conflicting facts and how it reached its determination of the ultimate facts to which the law was applied. We again have to make a determination as to substantial evidence, but to do this and to give the proper consideration to the action of the district court, we must know how it reached its conclusions. We could, of course, go through the record again and make a *de novo* determination. Thus the case would receive two separate and unrelated reviews. However, this is not in accord with proper appellate review. When the decision is based on conflicting facts, there need be some indication by the trial court as to how it arrived at its conclusions, and what, in its opinion, were the operative facts for which it found the substantial evidence.

We have carefully examined the decisions of the Ninth Circuit which are cited above, and notice that several of the early cases were instances when, according to the reported opinions, there was really no conflict in the facts, or the appellate court made an independent and complete examination again of the administrative record to resolve the conflicts. Thus if there are no conflicts, there is no problem presented, but if there are we are of the opinion that the same procedure should be applied as to any conflicting facts before the trial court as herein indicated.

■ The Supreme Court, in reversing the Sixth Circuit's decision in Citizens to Preserve Overton Park, Inc. v. Volpe, 432 F.2d 1307 (6th Cir.), which affirmed the district court's grant of summary judgment in favor of the Secretary of Transportation's administrative determination, 309 F.Supp. 1189 (W.D.Tenn.), while not specifically dealing with the "substantial evidence" type of review here in question, laid down certain standards which we believe are applicable. It said: "[T]he generally applicable standards of [5 U.S.C.] § 706 require the reviewing court to engage in a substantial inquiry." Also: "[T]his inquiry into the *facts* is to be searching and careful, . . . ." (Emphasis added). Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136. The Court remanded the case to the district court for "plenary review" of the administrative decision, allowing the court, in its discretion, to remand the cause to the appropriate agency and official for further proceedings if necessary. We consider this to be a significant procedural indication of the nature of the statutory review to be here applied. Thus we hold that where the determination under 5 U.S.C. § 706 (2)(E), and the issue of whether or not the determination is "unsupported by substantial evidence," and where there is "substantial controversy" as to the "material facts," the district court is precluded from entering a Fed.R.Civ.P. 56 type of "summary judgment."

"The rule [56] permits summary judgment in any case, and the inquiry

must be whether such a judgment is appropriate in the particular case, a question that cannot be resolved by some broad judicial gloss on the rule." C. Wright, Law of Federal Courts, § 99, at 443 (1970).

In the typical substantial evidence review under section 706(2)(E), the "substantial inquiry" in which the district court is required to engage (Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 at 415) will require a finding of fact or facts as to what is the substantial evidence which supports the agency determination, and this, in turn, when decided will lead to the ultimate determination. The appellate court cannot properly review the district court's action without such findings.

As is apparent from the foregoing, we are unable to determine what facts the district court here used to find that substantial evidence is present in the record to support the Secretary's decision. While we are in as advantageous a position as the district court to determine this question from the record in this case, as indicated above, the better course is to have the trial court make findings in the usual course. The district court is in a better position to either remand the case to the agency for further, supplementary, and clarifying evidence or "consider which method will prove the most expeditious so that full review may be had as soon as possible." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 at 421.

The order of the district court granting summary judgment in favor of the Secretary of the Interior and the United States is therefore reversed and the cause remanded to that court for further proceedings.

On Petition for Rehearing.

## OPINION ON REHEARING

The United States has filed a petition for rehearing directed to the opinion filed herein on June 18, 1974.

A portion of the petition presents an argument as to the scope of judicial review of decisions of administrative agencies. Such an issue was not presented to the court, and no such issue was decided. The opinion does not refer to the scope of review by the district courts.

The issue was only as to the propriety of summary judgment in a case where the administrative record contained conflicting testimony as to essential issues. We held that under such circumstances, the use of summary judgment was not proper. We indicated that there were in the record substantial facts actually and in good faith controverted. Also, the trial court had to determine which was the "substantial evidence" supporting the administrative action, if it was so supported, and to so indicate at least in general terms so that this court would have, on review, an indication as to how, after examining the record, the trial court reached its conclusion. By such a method this court can then have the benefit of the trial court's reaction to the conflicting facts, and make a normal appellate review.

The petitioner cites Jones v. Finch, 416 F.2d 89 (10th Cir.), as indicating a different rule than expressed in the original opinion herein. In the cited case, the issue was whether a common-law marriage existed under the laws of Texas. There were no disputed facts before the agency, and both parties asked for summary judgment. Such a situation is not comparable to the one before us, as indicated herein by the references to the disputed facts.

The judgment is affirmed.