James L. STONE, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. A. No. 74–25–C6.

United States District Court,
D. Kansas.

Dec. 30, 1974.

Ross E. Borders of Borders & Borders, Independence, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Benjamin L. Burgess, Jr., Asst. U. S. Atty., Wichita, Kan., John A. Holtmann, Gen. Counsel, Dept. of H. E. W., Paul P. Cacioppo, Regional Atty., Region VII, Dept. of H. E. W., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff herein, James L. Stone, has commenced this action under 42 U.S. C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying his application for establishment of a period of disability under the Social Security Act. This Court's function upon review consists of a determination as to whether substantial evidence exists in the record to support the Secretary's decision. If such support is found, the administrative findings are conclusive upon the reviewing court. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Trujillo v. Richardson, 429 F.2d 1149 (10th Cir. 1970).

Substantial evidence was illuminatingly defined in Branch v. Finch, 313 F. Supp. 337 (D.Kan.1970), as:

".  .  .  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Stated in a different manner the evidence must be such, if the trial were to a jury, as would justify a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

In reaching this determination, several types of evidence must be considered by the Court: (1) objective medical facts; (2) expert medical opinion; (3) subjective evidence of pain and disability; and (4) claimant's present age, educational background, and work history. Lackey v. Celebreeze, 349 F.2d 76 (4th Cir. 1965); Adams v. Richardson, 336 F.Supp. 983 (D.Kan.1972).

The claimant is now 57 years of age and has had a high school education. Immediately preceding his retirement on December 7, 1970, the plaintiff was employed as a salesman and manager of a life insurance agency. His prior employment history includes work as a service station attendant, salesman of various commodities, restaurant owner, and as public relations agent for the Rural Electrification Administration.

Plaintiff alleges that since December, 1970, he has been disabled from pursuing gainful employment as a result of an arteriosclerotic heart condition. This claim has travelled the course of the administrative process and been consistently denied, the administrative judges concluding that plaintiff's impairment did not prevent him from engaging in substantial gainful activity, as defined in § 223(d) of the Act, 42 U.S.C.A. § 423(d).

In order to demonstrate an entitlement to benefits, a claimant must satisfy a two-step analysis: (1) the existence of a medically determinable impairment; (2) an inability to engage in

substantial gainful activity as a result of the impairment. Adams v. Richardson, supra; Branch v. Finch, supra. The plaintiff indicated that he had experienced approximately five instances of severe chest pain in the past, the last of which occurred in 1970. Upon each occasion prompt rest and medication seemed to relieve his difficulties and hospitalization did not result. He continues to utilize the medication as a preventive measure when minor pain occurs.

The medical evidence received consists of the reports of two doctors who have had occasion to examine the plaintiff. Dr. Owen, after examination of the claimant, concluded that he suffered from arteriosclerotic heart disease which totally incapacitated him from pursuing any gainful occupation, observing that pain "was precipitated by exertion, emotional stress, and pressure." Dr. Owen, however, discovered no clinical data in his testing to indicate the existence of coronary abnormalities. Similarly, Dr. Erickson could find no objective evidence indicating a heart condition after conducting a series of tests, including both resting and exercise electrocardiograms.

The standard to be employed in evaluating medical opinion evidence is set forth in 20 C.F.R. § 404.1526, as follows:

"The function of deciding whether or not an individual is under a disability is the responsibility of the Secretary. A statement by a physician that an individual is, or is not, 'disabled,' 'permanently disabled,' . . . 'unable to work,' or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be determinative of the question of whether or not an individual is under a disability. The weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments."

Thus, under this regulatory directive, the Secretary has the duty to analyze the clinical data which underlies a medical opinion to ascertain its substantiality, and he is not bound by a bald opinion of a medical expert. After evaluating this evidence and all other evidence before him, the Secretary determined that the plaintiff suffered only a mild heart impairment which did not preclude his performance of substantial gainful activity through the continuation of his employment as an insurance agency manager. Of course, the mere existence of an impairment involving the heart does not necessarily entitle one to benefits under the Act. Dvorak v. Celebreeze, 345 F.2d 894 (10th Cir. 1965); Zimmerman v. Finch, 307 F.Supp. 1221 (D.Kan.1969).

After having analyzed the administrative record, the Court is convinced that substantial evidence exists therein to support the decision of the Secretary. The evidence in this case predominantly consists of, or relies upon, the plaintiff's own testimony, for even the medical opinions proffered depended almost entirely upon his subjective accounts, considering the paucity of clinical findings. This is precisely the type of evidence whose weight and credibility is to be determined by the Secretary within his province as a finder of fact, and this Court may not reweigh such evidence or substitute its opinion for that of the Secretary. See Dvorak v. Celebreeze, supra; Lucas v. Richardson, 348 F.Supp. 1156 (D.Kan.1972).

At a minimum, the record demonstrates the plaintiff's ability to engage in sedentary work in a relatively unpressurized environment where he could utilize his residual skills in management and the handling of money, as Dr. Owen and the plaintiff himself identified severe stress as the primary catalyst in the aggravation of his condition.

Upon examination by the administrative judge and his own counsel, plaintiff agreed that he could probably engage in

certain sedentary work, although he expressed some reluctance to undertake it. Moreover, some indication of his capacity to engage in substantial gainful activity is demonstrated by his commencement of part-time employment in a funeral home. See 20 C.F.R. 404.1532(a).

Therefore, since the Court has conducted a review of the administrative record and has concluded that substantial evidence exists therein to support the judgment reached by the Secretary, the decision of the Secretary will be, and it hereby is, affirmed.