Walter W. PETERS, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE of the United
States of America, Defendant.

No. C74–89.

United States District Court,
D. Wyoming.

April 18, 1975.

Katherine H. Nitschke of Nitschke &
Nitschke, Jackson, Wyo., appearing as
counsel for plaintiff.

Tosh Suyematsu, Asst. U. S. Atty.,
Cheyenne, Wyo., appearing as counsel
for defendant.

## MEMORANDUM OPINION

KERR, District Judge.

This matter is before the Court for
review of a decision by the defendant,
wherein it was determined that plaintiff
was not entitled to disability benefits
under the Social Security Act. Plaintiff
has exhausted his administrative reme-
dies and the Court has jurisdiction to
review the matter.

Section 216(i)(1) of the Social Secu-
rity Act, 42 U.S.C. § 416(i)(1), defines
disability, as it pertains to the present
action as an "(A) inability to engage in
any substantial gainful activity by rea-
sons of any medically determinable phys-
ical or mental impairment which can be
expected to result in death or has lasted
or can be expected to last for a continu-

ous period of not less than 12 months." A physical or mental impairment is defined in Section 223 of the Act, 42 U.S. C. § 423(d)(3), as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." It is further provided that "an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual) 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." See 42 U.S. C. § 423(d)(2)(A).

Utilizing these principles of law, an administrative law judge found that plaintiff was under a disability, as defined by the Act, commencing on October 1, 1973, and continuing through the date of his decision; and, that he was entitled to disability insurance benefits. More specifically, the law judge found that "claimant has had impairments due to degenerative lumbar disc disease with minor sciatic irritation, left leg; obesity; hypertension; and emphysema" and, that "claimant . . . does not have the physical, mental, and vocational capability to engage in any type of work activity which would constitute substantial gainful activity considering his age, education, and prior work experience." It was further determined that plaintiff met the special earnings requirements on October 1, 1973. The decision was based on exhibits submitted by plaintiff, there being no personal appearance by

him. The Appeals Council, on its own motion, thereafter undertook review of the administrative law judge's decision. As stated by it, "the general issues before the Appeals Council are whether the claimant is entitled to a period of disability and to disability insurance benefits . . . The specific issues are whether the claimant was under a 'disability,' . . . and if so, when such 'disability' commenced and the duration thereof; and whether the special earnings requirements of the Act are met . . . ." Having thus framed the issues, the Council, in reversing the law judge's decision, concluded:

"1. The claimant filed an application for disability benefits on July 18, 1972, and he last met the special earnings requirements of the Social Security Act for disability purposes on June 30, 1972.

2. His back impairment . . . did not prevent him from performing light-to-sedentary work activity on or prior to June 30, 1972.

3. His alleged respiratory impairment (i. e., emphysema) and the subsequently evolved cardiac related impairment (i.e., hypertension) did not impose more than minimal limitations. . . .

.      .      .      .      .      .

7. The claimant's impairments did not prevent him from engaging in substantial gainful activity for any continuous period, beginning on or prior to June 30, 1972, which lasted for a period of not less than 12 months.

8. The claimant is not under a 'disability' . . . ."

In reviewing the decision of the administrative law judge and the contrary decision by the appeals council, the Court is mindful that it must make a searching and careful inquiry into the facts, see Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S. Ct. 814, 28 L.Ed.2d 136 (1971); and, that it must determine whether such

facts constitute substantial evidence in support of the administrative decision. See Nickol v. United States, 501 F.2d 1389 (10th Cir. 1974).

■■ Plaintiff is a Caucasian male, approximately 56 years of age, who labors under a gross obesity condition, which in the words of one physician "compounded his problems" which caused his disability. Claimant has minimal education, apparently only having attended school up to the eighth grade. His work experience has been comprised totally of heavy manual labor, primarily work as a mechanic and as a heavy equipment operator. Plaintiff is married and has minor children at home, and has had no income of substance since 1969, when he was forced to quit work due to pain. (Exhibit 21)

Plaintiff's medical problems appear to have commenced in 1956, when he suffered severe pain and partial paralysis of the left leg. He subsequently underwent surgery for the removal of two lumbar discs. Low back pain has apparently continued unabated, with many residual effects. This pain, and the effects of the surgery, in the words of an examining physician on October 16, 1973, resulted in a "50 per cent restriction of movement of the lower back in all planes." It was the opinion of this physician that plaintiff had "a permanent partial disability amounting to 30 per cent loss of total body function as a result of his back condition." (Exhibit 26) It was further the opinion of the physician that "his obstructive airway disease [emphysema] is quite severe, and I would judge this condition to be 50 per cent disability;" and, that "his hypertensive condition is probably 10 per cent disability. The patient is restricted as far as walking, stooping, lifting, sitting and pulling." (Exhibit 26) Another physician found that plaintiff had "a 30% permanent partial disability to the back as a result of his previous surgery and the residual." (Exhibit 25) Although not determinative, see 20 C.F. R. § 404.1525, the Court notes that the Veterans Administration determined in December 1972 that the plaintiff was "totally disabled for insurance purposes since August 31, 1971." See Exhibit 8. These maladies, in toto and separately, are demonstrable physical impairments, with tangential mental impairment; and, they have been so established by competent medical testimony, which has indicated that such impairments have lasted or can be expected to last for a continuous twelve month period.

Taking into consideration the claimant's age, work experience, education, medical condition and present circumstances, it was the opinion of the vocational expert that plaintiff could find suitable employment as a mechanic where the lifting that would be required "could be done by another employee." (Exhibit 30) The Court is hard put to infer that a business person, no matter how well intentioned, would employ plaintiff where it would be necessary to have another employee to assist and perform much of the work that would be required of plaintiff. Certainly any such employer would be commended for his concern, but it strains the imagination that such a view carries much weight. Plaintiff is obviously disabled, as the vocational expert concedes.

Based on the foregoing facts as stated, the Court finds and concludes that the decision of the appeals council is not supported by substantial evidence and that the decision of the administrative law judge should be reinstated. It is further found and concluded that the plaintiff was disabled as defined by the Social Security Act commencing on October 1, 1973.

The matter is therefore remanded for determination of the amount of benefits due the plaintiff.