**Houston Bus HILL and Thurman S. Hurst, Plaintiffs-Appellees,**

v.

**Hon. Rogers C. B. MORTON, Secretary of the Interior for the United States, Defendant-Appellant.**

**No. 75–1564.**

United States Court of Appeals, Tenth Circuit.

Oct. 2, 1975.

Coleman H. Hayes, Houston Bus Hill, Oklahoma City, Okl., for appellees.

Wallace H. Johnson, Asst. Atty. Gen., George R. Hyde, Larry G. Gutterridge, Attys., Dept. of Justice, for appellant.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

In the district court, plaintiffs sought judicial review of a decision of the Secretary of the Interior denying full payment of their claim against the estate of a deceased, restricted Otoe Indian. The plaintiffs contended that the Secretary's order approving only partial payment of their claim for legal services rendered the decedent during his lifetime, was ". . . arbitrary and capricious and contrary to and in direct conflict with the record evidence . . . ".

Apparently the district court agreed. In a two-sentence "Judgment" the district court indicated "consideration" of the briefs filed by the parties and the administrative record, concluded that the action of the Secretary was arbitrary and capricious and ordered the Secretary to pay plaintiffs' claim in full. The government now appeals.

We believe that the disposition of this appeal is controlled by our prior decisions in *Nickol v. United States,* 501 F.2d 1389 (10th Cir. 1974) and *Heber Valley Milk Company v. Butz,* 503 F.2d

96 (10th Cir. 1974). In essence, those cases place an affirmative duty upon a district court reviewing administrative action to engage in substantial inquiry of the relevant facts as developed in the administrative record and then to define, specifically, those facts which it deems supportive of the agency decision if that is the court's resolution of the matter. The purpose of this rule is simply to provide an adequate basis for appellate review.

■ Here, the district court concluded only that the agency action was arbitrary and capricious, but offered neither an explanation of the manner in which the conclusion was reached nor a statement of which facts in the administrative record, or the absence thereof, were relied on in reaching its conclusion.

With basis for the district court's disposition of the matter obscure, proper appellate review is precluded. Therefore, the judgment appealed from must be vacated and the matter remanded for further proceedings consistent with the principles announced in *Nickol* and *Heber Valley.* We recognize that this case stands in a slightly different procedural posture than either *Nickol* or *Heber Valley,* in that technically it was not decided on a Rule 56 (Fed.R.Civ.P.) motion for summary judgment. However, this minor dissimilarity is without real significance in this case in view of the proceedings in the district court which were, for all practical purposes, summary in nature. By disposition of this appeal, we express no opinion with respect to the substantive issues raised in the district court.

The judgment of the district court is vacated and the matter is remanded for further proceedings.

The mandate shall issue forthwith.