Mary Anne **FISHBACK** and Joe **Fishback, Her Husband, Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. No. 80–407 HB.**

United States District Court, D. New Mexico.

June 9, 1981.

William A. Sloan, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., for plaintiffs.

R. E. Thompson, U. S. Atty., Raymond Hamilton, Asst. U. S. Atty., Albuquerque, N. M., for defendants.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

Plaintiffs Mary Anne and Joe Fishback petition this Court for a review of administrative proceedings conducted by the U. S. Forest Service. In those proceedings, the Forest Service Supervisor determined that plaintiffs had no easement for the use of forest service road FDR 950.3F, which provides access to their residence on private land, and that they would have to obtain a special use permit from the Forest Service in order to use the road. Plaintiffs pursued an administrative appeal under 36 CFR § 211.19 to the Acting Regional Forester and then to the Chief of the Forest Service, each of whom affirmed the original decision. The Secretary of Agriculture, in accordance with the regulation cited above, exercised his discretion not to review the Forest Service action.

This controversy comes before the Court on the motion of the federal defendants, United States and the U. S. Forest Service for summary judgment. The Court has considered the memoranda filed, together with the affidavits, exhibits, and the entire administrative record in this cause, and concludes that there is no genuine issue of material fact and that these defendants are entitled to judgment as a matter of law. Summary judgment will therefore be granted in favor of the United States and the U. S. Forest Service.

Plaintiffs have raised almost every basis for review available under the Administrative Procedure Act, 5 U.S.C. § 706(2). They ask that this Court set aside the agency action, findings, and conclusions on the grounds that they are "unlawful, arbitrary, capricious and an abuse of discretion, contrary to the property rights of the plaintiffs as guaranteed by the Fifth Amendment to the United States Constitution; not supported by substantial evidence; in violation of the plaintiffs' procedural rights to due process; and unwarranted by facts to the extent that the facts are subject to trial *de novo* by this Court." [Plaintiffs' Complaint, page 3, ¶ 7.] Each of plaintiffs' allegations will be considered individually.

*5 U.S.C. § 706(2)(A): Review of Agency Action which is Arbitrary, Capricious, An Abuse of Discretion or Otherwise Not in Accordance With the Law.*

■ Review under 5 U.S.C. § 706(2)(A) involves determining "whether the administrative decision [was] based on a consideration of all the relevant factors and whether there was a clear error of judgment." *Sabin v. Butz,* 515 F.2d 1061, 1067 (10th Cir. 1975), *citing Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971). Thus, if all relevant factors were considered by the Forest Service in reaching its decision, this Court's only function is to decide whether the agency action has a rational basis. *Overton Park,* 401 U.S. at 416–21, 91 S.Ct. at 823–26.

> The ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency . . . . The Court's function is exhausted where a rational basis is found for the agency action taken.

*Sabin v. Butz,* 515 F.2d at 1067.

■ After reviewing the administrative record, it is concluded that the Forest Service did consider all the relevant factors in making its determination. Throughout the entire administrative process, plaintiffs' position was fully briefed and argued by counsel for plaintiffs. The record indicates that the Forest Service officials considered all arguments made by both sides at all levels of appeal. The Forest Service officials' Decisions and the Responsive Statement filed by the Forest Service during the course of these administrative appeals contain clear evidence that all relevant factors were considered. The Court is therefore confined to deciding whether the Forest Service had a rational basis for making its decision. Having reviewed the entire administrative record, the Court finds that the Decisions issued by the Forest Service officials contained detailed factual and legal bases for the conclusions reached. It is therefore concluded that there was a rational basis for the Forest Service determination and that there was no clear error of judgment.

*5 U.S.C. § 706(2)(B): Review of an Agency Decision which is Contrary to Plaintiffs' Fifth Amendment Property Rights.*

 There is no evidence that the Forest Service in any way abrogated the plaintiffs' property rights. Defendants' contention is persuasive that there can be no taking of property without just compensation if no property ever existed. Because it is concluded herein that the Forest Service's determination that plaintiffs had no easement for use of forest road FDR 950.3F should not be set aside, plaintiffs' claim that this determination was a taking of their property (i. e., the easement) must be rejected.

*5 U.S.C. § 706(2)(D): Review of an Agency Decision which Violates the Plaintiffs' Procedural Due Process Rights.*

 Procedural due process refers to the fundamental requirement that a party have the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976), *quoting Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). A review of the administrative record demonstrates that plaintiffs were heard at such a time and in such a manner. The record shows that the parties complied with the administrative appeal procedures provided for in 36 CFR § 211.19. The plaintiffs pursued all levels of review provided for by regulation in 36 CFR § 211.10(j)(ii) and (j)(2). Proper notice of appeal procedures were followed, pursuant to 36 CFR § 211.19(h). Plaintiffs were able to present their case to the Acting Regional Forester; during that presentation, testimony of witnesses was elicited. After the oral presentation plaintiffs' counsel was furnished with a transcript of the proceeding; after reviewing that testimony, he was afforded an opportunity to clarify points in the transcript and redefine plaintiffs' claim in a subsequent letter to the Acting Regional Forester. Plaintiffs also pursued an appeal before the Chief of the Forest Service. A copy of that decision was provided to the Secretary in accordance with 36 CFR § 211.10(j)(2), which provides for a discretionary review of the Chief's decision. The Secretary subsequently informed the plaintiffs that he had decided not to review the Chief's determination. It is therefore concluded that full procedural due process, as set out in 36 CFR § 211.19, was afforded the plaintiffs in this matter.

*5 U.S.C. § 706(2)(E): Review of an Agency Decision which is Unsupported by Substantial Evidence.*

 Judicial review of agency action under 5 U.S.C. § 706(2)(E) is limited to an examination of the administrative record to determine whether there is substantial evidence to support the action. *Nickol v. United States*, 501 F.2d 1389, 1390 (10th Cir. 1974). The Tenth Circuit has held that in conducting such a review, the district court must engage in a "substantial inquiry" which will "require a finding of fact or facts as to what is the substantial evidence which supports the agency determination." *Id.* at 1392.

In making this "substantial inquiry," the Court must look for "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Id.* at 620, 86 S.Ct. at 1026.

 As required, the Court has examined the entire administrative record in order to determine whether there is substantial evidence to support the decision reached by the Forest Service. After carefully reviewing that record, the Court concludes that substantial evidence exists to support the agency decision. No determination was made on the basis of disputed evidence alone; all determinations were made on the basis of several factors which were enumerated in great detail in the reports of the officials. For example, the Regional For-

ester's Decision is a fifteen-page discussion of the facts presented by both sides and his decision as to each issue raised. The facts enumerated by the Forest Service officials in determining that no legal easement exists are supported by substantial evidence in the administrative record; the administrative determination itself is therefore based on substantial evidence.[1]

*5 U.S.C. § 706(2)(F): Review of an Agency Decision which is Unwarranted by the Facts to the Extent that the Facts are Subject to Trial De Novo by the Reviewing Court.*

 A district court is authorized to review *de novo* the facts underlying an administrative agency's action when the action is "adjudicatory in nature and *the agency factfinding procedures are inadequate.*" *Overton Park*, 401 U.S. at 415, 91 S.Ct. at 823 (emphasis added). As indicated throughout this Opinion, the administrative record before the Court demonstrates that the factfinding procedures employed by the Forest Service were entirely adequate. The plaintiffs were afforded ample opportunity to present their claims to the agency; the plaintiffs presented them both orally and in written form. At the oral presentation before the Acting Regional Forester, the plaintiffs elicited testimony from witnesses. After reviewing a transcript of that pro-

ceeding, counsel for plaintiffs clarified plaintiffs' claims in a letter to the Acting Regional Forester. In addition, as evidenced by the Acting Regional Forester's Responsive Statement, the plaintiffs' claims were addressed and considered by the agency officials. Forest Service records were reviewed, dating back to correspondence between the Forest Service and George Siemantel, who conveyed the land over which the professed easement runs to the United States by warranty deed in September 1953. The Forest Service also solicited assistance from the Office of the General Counsel. A wide variety of factfinding procedures was used. It is concluded, therefore, that a *de novo* review of the facts underlying this case is not warranted.

The Court has considered the plaintiffs' grounds for requesting review of the Forest Service decision, and finds each of them to be without merit. On the basis of the administrative record in this case, it is concluded that summary judgment is appropriate. A Summary Judgment will therefore be entered on behalf of the federal defendants, United States of America and the United States Forest Service.

---

1. In their Response to the Motion for Summary Judgment, plaintiffs claim that summary judgment is inappropriate in this case because material issues of fact remain to be resolved. Plaintiffs have raised issues of fact that are not a part of the administrative record, as well as those that were raised before the agency during the course of the administrative proceedings.

Those fact issues raised which are not a part of the administrative record cannot be considered in a judicial review of administrative agency action absent a finding that a *de novo* hearing by the trial court is warranted. As concluded herein at page 194, a *de novo* hearing on the facts is not warranted in this case. The Court is therefore "confined to the agency record, or such portion of it which the parties may cite ...." *See, Nickol*, 501 F.2d at 1390, *citing Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Additional evidence is not to be submitted. *Id.*

Plaintiffs also raise fact issues which were before the administrative agency during the

course of the appeal procedure; they claim summary judgment should be denied because issues of material fact remain unresolved. Because this is an action for the review of an administrative action, the Court is not empowered to consider arguments as to fact issues which have been fully briefed and argued to the administrative agency during the course of its proceedings. Those issues have been considered by, and decided by the administrative agency. The Court has concluded that there is substantial evidence to support the Forest Service determination. As required where disputed facts were presented to the agency, the Court has given a general indication of how that conclusion was reached. *Nickol*, 501 F.2d at 1392 (Opinion on Rehearing). Under these circumstances, this Court cannot substitute its judgment for that of the administrative agency. *See Overton Park*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Summary judgment is appropriate in this case.