39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin HANSEN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 94-35433.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Hansen appeals a district court judgment affirming the Secretary's decision denying benefits under Title XVI of the Social Security Act. Because substantial evidence supports the Secretary's decision, we affirm.[1]
 
 
 3
 Hansen filed applications for disability benefits that were denied. He requested a hearing. There, the medical advisor disputed a diagnosis by another physician that Hansen suffered from a severe affective disorder. Based on the medical advisor's testimony, the ALJ framed a hypothetical for the vocational expert. That expert testified that, given the limitations set forth in the hypothetical, less than 4000 jobs in the state were available to a similarly limited person. The expert could not say, however, precisely how many jobs would be available. Based on this testimony, the ALJ denied Supplemental Security Income because Hansen was not disabled. The decision became the final decision of the Secretary when the Appeals Council denied Hansen's request for review.
 
 
 4
 Hansen argues that the ALJ improperly excluded a conflicting medical opinion when framing the hypothetical for the vocational expert. But when materially conflicting medical evidence is presented, the ALJ may resolve it. Richardson v. Perales, 402 U.S. 389 (1971); Vincent, on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir.1984). The medical advisor had reviewed reports submitted by two other doctors. He agreed with one of them that Hansen was not as emotionally impaired as the other doctor had opined. He also offered persuasive reasons for doubting the other doctor's assessment, such as the lack of testing during his examinations, inconsistencies inherent in his diagnoses and the unusual degree of change in Hansen's psychological condition between his first and second examinations. The medical advisor's testimony was further supported by Hansen's success in school. He has attended 5 quarters of community college and maintains a 3.7 grade point average. For these reasons the ALJ properly excluded the conflicting opinion from the hypothetical posed to the vocational expert.
 
 
 5
 Hansen also contends that the ALJ improperly assumed that the reduction in jobs due to Hansen's psychological impairments would be insignificant.[2] It was reasonable for the ALJ to infer from the vocational expert's testimony that the decrease in jobs would be minimal. Although this circuit has never clearly established a minimum number of jobs necessary to constitute a "significant number," it is clear that substantially less than 4000 is adequate in this circuit. See, e.g., Barker v. Secretary of Health and Human Servs., 882 F.2d 1474, 1479 (9th Cir.1989) (2466 jobs). We believe the vocational expert's imprecise testimony is not contrary to the ALJ determination that a significant number of jobs existed in the national economy.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review the district court decision de novo, and the ALJ decision for substantial evidence. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). All factual findings of the ALJ will be upheld if they are supported by inferences which can be reasonably drawn from the record. Beane v. Richardson, 457 F.2d 758 (9th Cir.), cert. denied, 409 U.S. 859 (1972)
 
 
 [2]
 Hansen cites Swenson v. Sullivan, 876 F.2d 683 (9th Cir.1989), for the proposition that not stating the precise number of jobs available renders an expert's testimony insufficient. Swenson, however, rejected the vocational expert's testimony because it was inconsistent with the Medical Vocational Guidelines, not because of imprecision