**John F. WEIDNER, Plaintiff,**

v.

**David M. KENNEDY, Secretary of the Treasury, et al., Defendants.**

**No. 69–1369.**

United States District Court
C. D. California.

Jan. 26, 1970.

William C. Miller, Los Angeles, Cal., for plaintiff.

Wm. Matthew Byrne, Jr., U .S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

IRVING HILL, District Judge.

 The instant action arises under the Gun Control Act of 1968, 18 U.

S.C. § 921 ff. The action seeks judicial review under § 923 of the Act (18 U.S. C. § 923(f) (3)) of an administrative denial of Plaintiff's application for a license as a dealer in firearms other than destructive devices. The denial was based on a finding that Plaintiff had wilfully violated the Act in several respects. Defendants' motion for summary judgment, filed December 19, 1969, came on for hearing on January 5, 1970, Larry L. Dier, Assistant United States Attorney, appearing on behalf of the moving parties, and W. C. Miller, Esq., appearing on behalf of the respondent. The Court having considered the said motion and the various documents filed in support thereof and in opposition thereto, and having heard argument, makes the following findings of fact and conclusions of law which are stated in combined form:

1. Defendants have not shown their entitlement to a summary judgment as a matter of law.

2. In view of the statement of Plaintiff's counsel in open court during argument that he was prepared to offer, and desirous of offering, additional factual evidence bearing on the wilfulness of the alleged violations, the Court finds that there are disputed issues of material fact which preclude the granting of a summary judgment.

3. Although summary judgment is a proper remedy for the judicial review of certain administrative determinations (e. g. denial by the Attorney General of requested immigration preference visas, and denial by the Secretary of Health, Education and Welfare of social security benefits), it is not an appropriate remedy for judicial review under 18 U.S.C. § 923(f) (3) in a case where factual matters are in issue and additional evidence is sought to be introduced in this court.

4. The above-mentioned § 923(f) (3) is unclear and in some respects appears to contain contradictory language. But the Court must construe the section in order to adjudicate the instant motion. The Court is informed that no other reported opinion exists construing the section.

5. Therefore, the Court holds that the said § 923(f) (3), when viewed in the light of its legislative history, particularly the House Report, 3 U.S.Code Cong. and Adm.News, pp. 4410, 4422–4423 (1968), has the following meaning and effect:

A. The administrative record, i. e. the evidence adduced in the administrative proceeding, becomes evidence in this Court without the need to again offer the same evidence or call the same witnesses here.

B. Each party has the right to submit additional evidence in this Court. Therefore, the decision of this Court, on judicial review, is not based exclusively on the administrative record.

C. The standard of judicial review in this Court is a standard consistent with the concept of the proceedings here being a "de novo" trial, as described in the above-cited legislative history. Therefore, the administrative decision is not clothed in this Court with any presumption of correctness or other advantage. The standards of judicial review of administrative decisions used in some other connections, i. e. the "any credible evidence" standard and the "abuse of discretion" standard, are not applicable to the instant proceeding because they are inconsistent with the concept of having a "de novo" trial in this Court.

D. The language of the statute whereby this Court must decide whether "the Secretary was * * * authorized to deny the application * * * " imposes upon this Court the duty to make its own independent determination of the correctness of the Secretary's decision.

Therefore, on the basis of the foregoing, it is ordered as follows:

1. The said motion for summary judgment is denied.

2. The matter shall immediately proceed to trial on the merits.

3. Despite the fact that this order is merely confirmatory of an order orally pronounced by the Court in open court, the Clerk shall send a copy of this Order, by United States mail, this date to all parties to this action.