**Samuel MAYESH, Plaintiff,**

v.

**George SCHULTZ, as Secretary of the Treasury of the United States, Defendant.**

No. RI–Civ–72–23.

United States District Court, S. D. Illinois, N. D.

March 5, 1973.

538

Dorothea O'Dean and H. Reed Doughty, Rock Island, Ill., for plaintiff.

Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., for defendant.

### DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERT D. MORGAN, Chief Judge.

Plaintiff, Samuel Mayesh, doing business as Mayesh's Luggage, Loan, and Jewelry, was licensed under the provisions of the Gun Control Act of 1968, 18 U.S.C. § 921 ff., as a pawnbroker dealing in firearms. His license expired February 6, 1972, and defendant, through his duly authorized agents, refused to approve the application for renewal. Thereafter, plaintiff was granted an administrative hearing on the denial pursuant to 18 U.S.C. § 923(f)(2). Such hearing was held on or about May 25, 1972, and as a result thereof plaintiff received a Final Notice of Denial of Application or Revocation of License dated June 29, 1972. The present complaint was filed seeking judicial review of the above decision pursuant to 18 U.S.C. § 923(f)(3). Defendant answered and filed a motion for summary judgment under Rule 56, F.R. Civ.P. At hearing held on January 23, 1973, plaintiff contended that Rule 56, F.R.Civ.P., was inapplicable and that a "trial de novo" was mandatory. The court then held that summary judgment was available if there was no genuine issue of fact requiring trial, and granted plaintiff ten days' additional time within which to file counter-affidavits.

On the legal question whether the summary judgment rule does pertain to judicial review of an administrative proceeding pursuant to 18 U.S.C. §

923(f)(3), the pertinent language of that subsection states:

"In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding."

██ Plaintiff relies upon Weidner v. Kennedy, 309 F.Supp. 1018 (D.C.Cal. 1970), for the contention that a "de novo" trial is required upon any review. The legislative history of the statute, 3 U.S.Code Cong. and Adm.News, pp. 4410, 4422–4423 (1968), does clearly show contemplation of broad judicial review of any denial or revocation of a license under the chapter. Nevertheless, neither such history nor the language of the statute purports to preclude application of Rule 56. This court simply cannot agree with the statement in the *Weidner* case, *supra,* that counsel's assertion that he was prepared to offer additional factual evidence created a disputed issue of material fact precluding the granting of summary judgment.

██ It may be admitted that de novo trial is authorized under the statute, but no useful purpose is served by a trial unless there is at least one genuine issue of material fact to be tried. De novo consideration is provided when the court tests anew the justification for license denial. No one is served by trial of immaterial issues or pretense that issues exist which do not.

The *Weidner* case does recognize that under § 923(f)(3) on review, the administrative record is evidence in the reviewing court, and that petitioner's statements are binding on him. Therefore, summary judgment for defendant would be clearly appropriate if material facts developed at the administrative hearing, which the court also concludes justify nonrenewal, are not refuted or challenged by proper counter-affidavits filed pursuant to Rule 56.

Concluding, as heretofore announced, that summary judgment may be appropriate upon review pursuant to 18 U.S.

C. § 923(f), the court has before it, and must examine, the administrative record, the pleadings, and now plaintiff's affidavits filed February 2, 1973, to determine whether there are disputed questions of material fact. Plaintiff asserts that such questions do exist with respect to plaintiff's possible entrapment and the wilfulness of violations of law which resulted in denial of his application for renewal of license.

The matter of supposed entrapment, borrowed from the criminal law, has no place here, inasmuch as this is not a prosecution for crime. Even if it were, however, the undisputed facts are simply that government agents used false names and identification to purchase firearms and ammunition from the plaintiff. Clearly, the defense of entrapment could not be established as a matter of law if this were a criminal case, in that the agents clearly did not originate the wrongful design nor implement in the mind of an innocent person the disposition to commit the wrongful act. U. S. v. Haden, 397 F.2d 460 (C.A. 7 1968). Neither is there any evidence whatsoever to indicate that the agents might have suggested that records not be made, or that they refused to provide any information for proper record keeping. U. S. v. Decker, 446 F.2d 164 (C. A. 8 1971). Plaintiff did himself in here. The agents simply provided the opportunity.

On the issue of the wilfulness of violations of the law, defendant is entitled to summary judgment in this case if there is no disputed issue of material fact as to any one of the violations relied upon. Under 18 U.S.C. § 923(d)(1)(C), it is provided that an application for a license as a firearms pawnbroker shall be approved if, among other things, the applicant has not wilfully violated *any* of the provisions of Chapter 44, Title 18, United States Code, or the regulations issued thereunder. Section 923(e) of Title 18 provides that the Secretary may, after notice and

hearing, revoke any license issued under this section if the holder of such license has violated *any* provision of this chapter or any rule or regulation prescribed by the Secretary under Chapter 44. 18 U.S.C. § 922(b)(2) makes it unlawful for any licensed dealer to sell or deliver any firearms or ammunition to any person in any state where the purchase or possession by such person would be in violation of any state law or any published ordinance applicable at the place of sale, delivery, or other disposition, unless the licensee knows or has reasonable cause to believe that the purchase or possession would not be in violation of such state law or such published ordinance.

Under Illinois law, a person commits an offense of unlawful sale of firearms when he knowingly:

> "Delivers any firearms of a size which may be concealed upon the person, incidental to a sale, without withholding delivery of such firearm for at least 72 hours after application for its purchase has been made, or deliver any rifle, shotgun or other long gun, incidental to a sale, without withholding delivery of such rifle, shotgun or other long gun for at least 24 hours after application for its purchase has been made." S.H.A. ch. 38, § 24–3(g).

■ The uncontroverted evidence shows clearly that plaintiff was aware of the above holding period requirements. Mr. Mayesh had been previously advised on the requirements under Illinois law, and he clearly acknowledged that he was aware of them. (There was simply no equivocal holding period here such as he described in an effort to magnify the complexity of the law.) Since the material facts are undisputed, as a matter of law the plaintiff clearly and knowingly violated the Illinois holding provisions, S.H.A. ch. 38, 24–3(g), and hence, 18 U.S.C. § 922(b)(2). This court can only consider such action to have been "wilful" as a matter of law.

There is no basis for trial of any disputed facts in this connection. This is sufficient to justify refusal of license renewal.

Regarding other violations of law relied upon as wilful in the administrative proceeding, while not necessary to sustain the action of the Secretary, upon new and independent consideration here (de novo) under § 923(f) of Title 18 U.S.C., this court agrees with the judgment of the hearing officer. There is adequate evidence in the record in support of the administrative action. See McLemore v. U. S. Treasury Department, 317 F.Supp. 1077 (D.C.Fla.1970). Petitioner is not entitled to a federal firearms license under the terms of the Gun Control Act of 1968, and the Regional Director, Bureau of Alcohol, Tobacco and Firearms, properly denied the renewal application.

Accordingly, it is ordered that defendant's motion for summary judgment is allowed.