**SERVICE ARMS COMPANY, INC., Plaintiff,**

v.

**UNITED STATES of America, DEPARTMENT OF TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Defendant.**

**No. CIV–76–0976–D.**

United States District Court, W. D. Oklahoma.

Aug. 5, 1977.

J. Hugh Herndon, Midwest City, Okl., for plaintiff.

John E. Green, Acting U.S. Atty. by Susie Pritchett, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action brought by Plaintiff pursuant to 18 U.S.C. § 923(f)(3) for judicial review of Defendant's decision denying Plaintiff's application for renewal of its federal firearms license. Plaintiff's application was apparently denied under 18 U.S.C. § 923(d)(1)(C) because Defendant found that Plaintiff had "willfully violated" certain provisions of the Gun Control Act of 1968 (Act), 18 U.S.C. § 921 et seq., or the regulations issued thereunder. Pursuant to Rule 56, Federal Rules of Civil Procedure, Defendant has filed herein a Motion for Summary Judgment. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition to the same. Defendant has also filed a certified copy of the record of the administrative proceedings previously conducted in this case.

In *Heber Valley Milk Co. v. Butz*, 503 F.2d 96 (Tenth Cir. 1974), and *Nickol v. United States*, 501 F.2d 1389 (Tenth Cir. 1974), the Tenth Circuit held that summary judgment is inappropriate in a judicial review under the Administrative Procedures Act, 5 U.S.C. § 551 et seq., of an order and decision of an administrative agency when the issue to be decided is whether the administrative order is supported by substantial evidence, and there is substantial controversy as to the material facts. However, in the instant case § 923(f)(3) provides for a *de novo* review by this Court of Defendant's decision which denied Plaintiff's application.[1] Therefore, in view of the *Heber Valley Milk Co.* and *Nickol* cases, *supra*, it appears that the threshold question before the Court is whether summary judgment is appropriate in an action for judicial review under § 923(f)(3).

1. The pertinent part of 18 U.S.C. § 923(f)(3) provides as follows:

*Weidner v. Kennedy*, 309 F.Supp. 1018 (C.D.Cal.1970), held that a summary judgment is not an appropriate remedy for judicial review under § 923(f)(3) in a case where factual matters are in issue and additional evidence is sought to be introduced in the reviewing court. The court in *Weidner* found that there were disputed issues of material fact which precluded the granting of a summary judgment "[i]n view of the statement of Plaintiff's counsel in open court during argument that he was prepared to offer, and desirous of offering, additional factual evidence bearing on the wilfulness of the alleged violations."

*Mayesh v. Schultz*, 58 F.R.D. 537 (S.D.Ill. 1973), held that summary judgment is available in an action brought under § 923(f)(3) and may be appropriate "if material facts developed at the administrative hearing . . . are not refuted or challenged by proper counter-affidavits filed pursuant to Rule 56." The court went on to state that it "simply cannot agree with the statement in the *Weidner* case, *supra*, that counsel's assertion that he was prepared to offer additional factual evidence created a disputed issue of material fact precluding the granting of summary judgment."

In *Rich v. United States*, 383 F.Supp. 797 (S.D.Ohio 1974), the court was faced with cross motions for summary judgment in an action for review under § 923(f)(3). The court in *Rich* did not expressly consider whether summary judgment was an appropriate remedy but proceeded to conduct the review and set aside the revocation of the plaintiff's firearms license.

Turning to the instant case, at page 1 of its Brief in opposition to Defendant's Motion Plaintiff states:

"Plaintiff . . . would show to the Court upon a hearing herein by germane evidence . . . that prior to the commencement of this action on repeated occasions the Defendants had seized the records of the Plaintiff which they now complain about being incorrect, . . .

"In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding."

and . . . that the records that the Plaintiff was permitted to keep were as accurate and as correct as a human being could be expected to keep them."

At page 5 of its Brief, Plaintiff states: "That the third [reason for the denial of Plaintiff's renewal application] alleged was 27 firearms were among the inventory firearms displayed for sale on the licensed premises that were not recorded. . . . [A] complete explanation of same could be given to the Court by the Plaintiff if ever required to do so."

The above passages from Plaintiff's Brief show that Plaintiff is prepared to offer evidence bearing on the willfulness of its alleged violations of the Act. Therefore, summary judgment would be precluded under *Weidner, supra.* Furthermore, Exhibit "D" to Plaintiff's Brief is an affidavit by the employee of Plaintiff who was apparently responsible for the alleged violations of the Act upon which Defendant based its denial of Plaintiff's license renewal application. In the affidavit, said employee states:

"4. That he was unable to answer the questions concerning specific weapons when he had not seen the records for several months prior to the time he was inquired of on February 11, 1976.

5. That at no time has he ever willfully violated any of the provisions of the 1968 Gun Control Act. That on repeated occasions he had inquired of the AT&F as to ambiguities in the regulations and was told to look them up for himself. That Affiant has made every effort to ascertain the meaning of many of the provisions of the Act that he has relied upon the advice of the Midwest City Police Department as to the procedure to be followed in obtaining their gun permits for retail sales."

Thus, it appears that this affidavit challenges the material facts developed at the administrative hearing bearing on the willfulness of Plaintiff's alleged violations of the Act so that summary judgment in this case is also precluded under *Mayesh, supra.* Furthermore, questions of intent have been held to be particularly inappropriate for summary judgment. *Staren v. American National Bank and Trust Co.,* 529 F.2d 1257 (Seventh Cir. 1976); *Fitzsimmons v. Best,* 528 F.2d 692 (Seventh Cir. 1976); *Conrad v. Delta Air Lines, Inc.,* 494 F.2d 914 (Seventh Cir. 1974).

Upon consideration of the Motion for Summary Judgment filed herein by Defendant and the Briefs submitted by both of the parties hereto, the Court is not satisfied that genuine issues of material fact are not present in this case. Summary judgment is, therefore, inappropriate and said Motion should be overruled. Rule 56, *supra* ; *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230 (Tenth Cir. 1975); *Ando v. Great Western Sugar Co.,* 475 F.2d 531 (Tenth Cir. 1973). Accordingly, the review sought by Plaintiff in this action should be conducted on the basis of the administrative record on file herein and any additional evidence submitted by Plaintiff or Defendant at the trial of this case.

It is so ordered this 5th day of August, 1977.