Daniel P. MANDRELL, Appellant,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare of the United States, Appellee.

No. 74–1398.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 22, 1975.

Decided March 4, 1975.

John N. Goodman, Oklahoma City, Okl. (Leslie L. Conner, and Conner, Little & Conner, Oklahoma City, Okl., with him on the brief), for appellant.

Larry R. O'Neal, Atty., Dept. of Justice (Carla A. Hills, Asst. Atty. Gen., William R. Burkett, U. S. Atty., and William Kanter, Atty., Dept. of Justice, with him on the brief), for appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This case is before us for review of a decision of the district court which found [pursuant to 42 U.S.C. § 405(g)] that substantial evidence in the administrative record supported the finding of the Secretary of Health, Education and Welfare that Daniel P. Mandrell is not disabled to an extent which would entitle him to disability insurance benefits under the Social Security Act.

Mr. Mandrell filed an application for Social Security disability insurance benefits pursuant to 42 U.S.C. §§ 416(i) and 423(d)(2)(A) on March 10, 1970, alleging that he had been disabled due to emphysema, thrombophlebitis, and heart trouble since February 2, 1969. The request was denied, reconsidered, and the denial affirmed. He then requested and obtained a hearing during which he testified and made numerous medical re-

ports part of the record. The Administrative Law Judge made findings and concluded that the claimant was not entitled to benefits as he was able to engage in substantial gainful work, and thus not disabled, as of the critical date.

The decision of the Administrative Law Judge became the final decision of the Secretary, and the claimant thereafter brought an action in the district court for review of the decision. The Secretary moved for summary judgment on the basis of the administrative record. The trial judge granted summary judgment and filed an explanatory memorandum.

Claimant on this appeal raises three points: (1) The district court erred in holding that the decision of the Secretary is supported by substantial evidence; (2) the court did not give proper consideration to the fact that appellant-claimant receives one hundred per cent disability benefits from the Veterans' Administration; (3) the court did not properly construe the applicable portions of the Social Security Act.

We note first that the district court's decision preceded our opinion in Nickol v. United States, 501 F.2d 1389 (10th Cir.), which discusses judgments in cases of this type. In any event, the opinion of the district court here summarizes the facts relied on in the administrative record by the trial court to support the decision as to substantial evidence.

■ The claimant has been classified by the Veterans' Administration as totally disabled and receives benefits from them of $130.00 per month. Concerning this the district court said: "But that is not significant herein because the requirements and standards mandated by statutes and regulations of the two agencies are not the same." Mandrell suggests on appeal that the correct statement of the law is that, while the Veterans' Administration's finding of disability is not controlling on the Social Security Administration, it is a factor entitled to considerable weight. DePaepe v. Richardson, 464 F.2d 92 (5th Cir.); Skeels v. Richardson, 453 F.2d 882

(5th Cir.), cert. denied, 409 U.S. 857, 93 S.Ct. 137, 34 L.Ed.2d 101. We agree that the finding of the Veterans' Administration is entitled to consideration by the Secretary, although it is not controlling. This is what the trial court decided and meant by the above quotation.

The proper emphasis to be given to this fact is initially for the Secretary. The quotation from the opinion of the district court does not appear to be a statement to the contrary. The district court correctly applied the law to the conflicting facts in the administrative record in its determination whether substantial evidence was shown.

■ The claimant also urges that the district court erred in its construction of the Social Security Act, citing the proposition from DePaepe v. Richardson, 464 F.2d at 101:

"The cases are numerous that hold that the Social Security Act should be liberally construed in favor of disability and the intent is inclusion rather than exclusion."

This is the rule of construction, and there is nothing to show that it was not here applied. Obviously it cannot mean that every individual with a substantial physical complaint is entitled to disability insurance benefits. The statute sets rather high requirements which must be met. It does not appear that the district court erred in applying the standards of the Social Security Act in its substantial evidence evaluation.

Finally, it is alleged that the decision of the Secretary is not supported by substantial evidence in the administrative record. The district court carefully and thoroughly reviewed the disputed facts in the administrative record and found substantial evidence to support the Secretary's denial of disability benefits to Mr. Mandrell. The operative facts which are supported in the administrative record by substantial evidence are summarized in the opinion of the district court, and this provides this court with a sufficient basis for review without a complete repetition of the trial court's action.

The district court did not err in holding that the decision of the Secretary denying benefits to Mr. Mandrell is supported by substantial evidence in the administrative record. The opinion of the district court is affirmed.