James E. CARLIN, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. A. No. 77–2016.

United States District Court, D. Kansas.

Feb. 1, 1978.

---

Frank E. White, Jr., Leavenworth, Kan., for plaintiff.

James P. Buchele, U. S. Atty., Douglas B. Comer, Asst. U. S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The instant Social Security action seeking review of the Secretary's denial of disability insurance benefits under 42 U.S.C. § 401 *et seq.* is now before the court for determination of the cross motions for summary judgment filed by the respective parties. The sole question presented for review is

**36**

whether there is substantial evidence to support the Secretary's finding that the claimant was not precluded from engaging in any substantial gainful activity on or before the date of the decision which had lasted or could be expected to last for twelve months. After reviewing the record of the administrative proceedings herein, the court finds that there is substantial evidence to support this finding. Accordingly, the defendant's motion for summary judgment must be sustained.

■ The gist of the claimant's complaint is that the Secretary's finding that the claimant was able to engage in substantial gainful activity ignored "uncontradicted" medical evidence to the contrary and was not based upon any examination or opinion of vocational specialists. In support of this position, the claimant cites the following medical evidence of disability as conclusive: (1) a memorandum "to whom it may concern" dated August 25, 1976, by Dr. R. R. Robinson, D. O., Chief of Domiciliary Medical Service at the Veterans Administration Hospital in Leavenworth, Kansas, stating in its totality, "[t]his patient-number is unable to perform a gainful occupation in the community;" and (2) two letters from the Salvation Army, one of claimant's prior employers, to the effect that claimant could not be rehired for his former position due to his physical impairments. These three items of evidence were not presented to the administrative law judge but were part of the record before the Appeals Council at the time it acted upon the claimant's request for review. While the Appeals Council did not render findings and conclusions in addition to those already rendered by the administrative law judge, but instead summarily affirmed the latter's decision, we must assume that all matters of record were fully considered in the decision of the Appeals Council and were found not to sustain the claimant's burden of proving disability.

■ While no purpose would be served by reiterating the bulk of the material evidence presented in the administrative proceedings, the court is convinced that the claimant's position lacks merit. First, the Secretary's failure to give conclusive weight to Dr. Robinson's opinion that the claimant was disabled from substantial gainful work in the community cannot be viewed as arbitrary or capricious. A statement by a physician that an individual is or is not totally and/or permanently disabled is a conclusion upon the ultimate issue to be decided by the Secretary and is not determinative of the question of whether or not an individual is under a disability. The weight to be given such a statement depends on the extent to which it is supported by scientific and complete medical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment. 20 C.F.R. § 404.-1526; *Lucas v. Richardson,* 348 F.Supp. 1156 (D.Kan.1972). In this case Dr. Robinson's conclusory opinion gave no hint as to the medical or scientific facts on which it might be based and provided no clues as to the possible nature, extent, cause, or duration of the claimant's alleged disability. Furthermore, while Dr. Robinson's memorandum was consistent with claimant's view of his impairments, it was not supported by substantial evidence elsewhere in the record. It should be noted in this regard that none of the numerous other doctors who treated claimant's various medical problems (ranging from warts and acne to "sick sinus syndrome" requiring implantation of a transvenous demand pacemaker) advanced any similar opinions as to the claimant's inability to engage in substantial gainful activity. In these circumstances the court cannot find that the negligible weight accorded Dr. Robinson's statement by the Secretary provides a justifiable ground for reversal of his decision. It is well established that in reviewing a social security case of this kind a court is not authorized to reweigh the evidence; its limited function is to determine whether the Secretary's findings of fact are supported by substantial evidence and the inferences drawn therefrom are reasonable. *E. g., Trujillo v. Richardson,* 429 F.2d 1149 (10th Cir. 1970). That test is met in this case.

The claimant's second point, that the Secretary's finding of no disability was infirm because it was not based upon record evidence from a vocational specialist, is equally without merit. The rule is that a social security claimant has the initial burden of proving some disability that prevents him from engaging in substantial gainful activity. *E. g., Johnson v. Finch,* 437 F.2d 1321 (10th Cir. 1971). In this regard the question is not whether the claimant can return to his former work, for his inability to perform the work he performed immediately before his alleged disability does not, standing alone, qualify him for social security benefits. *E. g., Mandrell v. Weinberger,* 511 F.2d 1102 (10th Cir. 1975); *Valentine v. Richardson,* 468 F.2d 588 (10th Cir. 1972). It is true that once it is shown that a claimant cannot return to any of his former employments the burden of proof shifts to the Secretary to establish the reasonable availability of suitable positions in which a person of the claimant's qualifications could work. *Gardner v. Brian,* 369 F.2d 443 (10th Cir. 1966). In this case, however, no facts were proved by the claimant as would warrant a shifting of the burden of proof under this rule.

Here, the administrative law judge expressly found that the claimant retained the residual capacity to perform any of his prior work as a truck driver, spray painter, electric parts repairman, paint mixer, and paint decorator. This conclusion is arguably clearly erroneous as to claimant's truck driving employment with the Salvation Army—a position that required him to load and unload large appliances weighing up to 250 pounds on a regular basis—because in view of the claimant's heart problems and pacemaker implantation his doctors advised him of the necessity of avoiding heavy lifting. Aside from the claimant's bald and self-serving statements that he was totally disabled, however, the record contains absolutely no evidence that he was precluded from any of the other employments in which he had previously engaged. Indeed, the sum of the claimant's "evidence" in this regard was his assertion that any prospective employer would "laugh" at a man with his health problems. In short, the court finds that the claimant failed to produce such evidence of inability to engage in his former employments as would shift to the Secretary the burden of establishing the availability of substantial gainful activity reasonably available to a person of the claimant's qualifications. Thus, the Secretary did not err in failing to produce expert vocational evidence to that effect.

For all of the above reasons, the court holds that the Secretary's decision that the claimant had failed to satisfy the statutory prerequisites of proof of disability was supported by substantial evidence in the record as a whole. The court therefore finds that the defendant's motion for summary judgment should be sustained.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment be and hereby is sustained and that the plaintiff's motion for summary judgment be and hereby is overruled. Counsel for defendant shall prepare, circulate, and forward for the court's approval and signature a journal entry of judgment reflecting the holding of the foregoing Memorandum and Order.