Elizabeth M. COSTELLO, Petitioner,

v.

**UNITED STATES RAILROAD RETIREMENT BOARD,** Respondent.

No. 84–2373.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1985.

Decided Dec. 27, 1985.

Rehearing and Rehearing En Banc Denied Feb. 20, 1986.

Sean J. Rice, Minneapolis, Minn., for petitioner.

Karl T. Blank, Chicago, Ill., for respondent.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

Elizabeth M. Costello seeks review of the decision of the Railroad Retirement Board ("Board") denying her widow's annuity benefits pursuant to the Railroad Retirement Act of 1974 ("Act" or "Railroad Retirement Act"), 45 U.S.C. §§ 231–231v. We find that the Board erroneously interpreted the Act, and, accordingly, we must reverse.

On October 6, 1981, Costello filed a joint application for a widow's annuity and a child's annuity under 45 U.S.C. § 231a(d)(1)(ii) and (iii),[1] respectively. On the application, she stated, *inter alia*, that: 1) her husband, Thomas, a railroad employee for over thirty years, died on September 17, 1981; 2) she was fifty-seven years of age; 3) she had in her care the employee's child, Patrick, who was sixteen; and 4) neither she nor the child was disabled. Although the Bureau of Retirement Claims awarded the child's annuity, it denied her claim for a widow's annuity. The appeals referee affirmed the denial of widow's benefits. The Board affirmed and adopted the decision of the appeals referee. This appeal followed.

The parties agree that 45 U.S.C. § 231a(d)(1)(ii) is the applicable section of the Act. This section entitles a widow of a deceased railroad employee to annuity payments if she has in her care a child of the employee under age eighteen who is also entitled to an annuity. Section 231a(d)(1) directs the Board to refer to section 231c to determine the amount of the annuity payment. Section 231c(f)(1) provides that the amount of the Railroad Retirement annuity "shall be in an amount equal to the amount * * * of the mother's insurance benefit * * * to which * * * she would have been entitled under the Social Security Act." The Social Security Act has its own distinct entitlements section, 42 U.S.C. § 402(g)(1). This section entitles a person in Costello's situation to an annuity if she, "at the time

---

1. 45 U.S.C. § 231a, in relevant part, provides:

   (d) **Survivors eligible for annuities**

   (1) The following described survivors of a deceased employee who will have completed ten years of service and will have had a current connection with the railroad industry at the time of his death shall, subject to the conditions set forth in subsections (g) and (h) of this section, be entitled to annuities, if they have filed application therefor, in the amounts provided under section 231c of this title—

   \*    \*    \*    \*    \*    \*

   (ii) a widow (as defined in section 216(c) and (k) of the Social Security Act [42 U.S.C.

§ 416(c) and (k) ] ) of such a deceased employee who has not remarried and who (A) is not entitled to an annuity under paragraph (i), and (B) at the time of filing an application for an annuity under this paragraph, will have in her care a child of such deceased employee, which child is entitled to an annuity under paragraph (iii) (other than an annuity payable to a child who has attained age 18 and is not under a disability);

   (iii) a child (as defined in section 216(e) and (k) of the Social Security Act [42 U.S.C. § 416(e) and (k)] ) of such a deceased employee who (A) will be less than eighteen years of age * * *.

of filing such application has in her care a child of such individual entitled to a child's insurance benefit." 42 U.S.C. § 402(s)(1) discusses when a child is entitled to insurance benefits. Prior to 1981, no dispute would have arisen, as under section 402(s)(1) a child was entitled to social security benefits if under age eighteen, the same age specified under the Railroad Retirement Act. In 1981, however, Congress enacted the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, § 2205, 95 Stat. 357 ("Omnibus Act"), which amended section 402(s)(1) to allow social security benefits only to children under age sixteen.

It is not disputed that Costello and the child are entitled to annuities under the Railroad Retirement Act. The Board stated that

> [t]he eligibility provisions of the Railroad Retirement Act were not affected by the amendment of the Social Security Act; therefore, the entitlement requirements for a widow or widower under section 2(d)(1)(ii) remain unchanged, and such individuals are entitled to a benefit as long as they have a minor child of the employee under age 18 in their care and custody.

Decision of the Appeals Referee at 3. The Board then found that although, under the Railroad Retirement Act, Costello was entitled to widow's benefits, under the Social Security Act as amended, she would not be entitled to benefits, and that therefore her railroad retirement award would be zero. The Board held, in effect, that a railroad retirement annuity applicant must meet the entitlement requirements of the Social Security Act as well as those of the Railroad Retirement Act itself. Costello argues on appeal that since she is entitled to widow's benefits under the Railroad Retirement Act, she should be awarded benefits as if she had met the Social Security Act's requirements.

This Court's standard of review in such cases is to determine "whether the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law." *Williams v. U.S.*

*Railroad Retirement Board,* 585 F.2d 341, 343 (8th Cir.1978). Because the facts are not in issue, the question here is whether the Board's decision had a reasonable basis in law. Congress has given the Board responsibility for administering the Act, and the Board's interpretation of the Act is entitled to deference. *See E.I. du Pont de Nemours & Co. v. Collins,* 432 U.S. 46, 54–55, 97 S.Ct. 2229, 2234, 53 L.Ed.2d 100 (1977) (SEC interpretation). In this case, however, the Board interpreted both the Railroad Retirement Act and the Social Security Act, and considered their interrelationship. Thus, the Board was dealing with matters not totally within its area of expertise. Additionally, as we stated in *Cunningham v. Toan,* 728 F.2d 1101, 1105 (8th Cir.1984), "an agency's interpretations are not conclusive and courts are not bound by them." The Supreme Court stated that "[a]lthough an agency's interpretation of the statute under which it operates is entitled to some deference, 'this deference is constrained by our obligation to honor the clear meaning of a statute, as revealed by its language, purpose and history.'" *Southeastern Community College v. Davis,* 442 U.S. 397, 411, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979) (quoting *International Brotherhood of Teamsters v. Daniel,* 439 U.S. 551, 566 n. 20, 99 S.Ct. 790, 800 n. 20, 58 L.Ed.2d 808 (1979)). We think the Board's analysis was insufficient. A more thorough analysis reveals that neither the language, purpose, nor history of either the Railroad Retirement Act or the Social Security Act reveals a congressional intent to require a railroad employee's widow to meet the more restrictive entitlement requirements of the Social Security Act as well as the entitlement requirements specifically provided by the Railroad Retirement Act. We therefore find that the Board's decision did not have a reasonable basis in law.

The plain language of section 231a of the Railroad Retirement Act entitles a widow with a child under the age of eighteen to a widow's annuity. The Board concedes this.

Although section 231c of this Act specifically requires referral to the Social Security Act to compute the amount of the award, no section of the Act requires use of the Social Security Act initially to determine whether entitlement exists. Thus, determination of the amount of an annuity has two distinct steps. The threshold question is whether a claimant is entitled to an annuity. For this first question, one refers to the entitlement section of the appropriate act. *See* 45 U.S.C. § 231a (Railroad Retirement Act); 42 U.S.C. § 402(f)(1) (Social Security Act). If, under either act, entitlement exists, the second step is to refer to the social security regulations to determine the amount of benefits. *See* 45 U.S.C. §§ 231c(f)(1), 231c(g)(1); 20 C.F.R. § 404.342 (1985).[2] As the Board pointed out:

> When the meaning of a statute may be determined from the language in which it is framed, the sole function of the courts is to enforce it according to its terms. *Caminetti v. United States*, 242 U.S. 470 [37 S.Ct. 192, 61 L.Ed. 442] (1917). Further, if the meaning of a particular section is clear standing alone, no other section or part of the act may be applied to create doubt. *United States v. Batchelder*, 581 F.2d 626 (C.A. 7, 1978) [*rev'd on other grounds*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)]; *Preterm Inc. v. Dukakis*, 591 F.2d 121 (C.A. 1, 1979).

Brief of Respondent at 12–13.

Here, the Board is not merely relying on a different section of the Railroad Retirement Act as an interpretive aid, it is relying on an entirely different act.

Although, in the Board's words, "the court need look no further than the literal meaning of the statute," *id.* at 15, we believe that a number of points show that the plain language of the provision expresses Congress's intent. If Congress had intended to change the entitlement requirements of the Railroad Retirement widow's annuity, it not only could, but would have done so. Section 231a(d)(1)(ii) is not an obscure provision, but is one out of only five provisions entitling survivors of railroad employees to annuities.[3] When Congress enacted the Omnibus Act, amending the Social Security Act to decrease the maximum age of a minor from eighteen to sixteen, it could have similarly amended the Railroad Retirement Act. It did, in fact, specifically amend other subsections of the Railroad Retirement Act,[4] as well as other portions of the subsection in question.[5]

When Congress integrated the Railroad Retirement Act and the Social Security Act, it did so only for particular purposes, and then used specific language to accomplish those purposes. The Board directed this Court's attention to several provisions which it claims, construed together, "[compel] the conclusion that Congress believed the necessity for reference to appropriate provisions of the Social Security Act in arriving at tier I amounts so clear that an explicit requirement was superfluous." Brief of Respondent at 18. Each of these provisions, however, explicitly refers to the

---

2. 20 C.F.R. § 404.342 (1985) provides that "[y]our mother's or father's monthly benefit is equal to 75 percent of the insured person's primary insurance amount." The fact that the amount does not vary with the age of the child demonstrates that once it is established that the child qualifies for an annuity, that is, is a "minor," the specific age of the child is not of particular importance. We also note that because the amount would be the same regardless of the minor's age, this decision will not cause computational difficulties.

3. Section 231a allows annuities to only two other major groups—railroad employees and spouses of railroad employees. *See* 45 U.S.C. § 231a(a)-(c).

4. *See* Omnibus Act § 1117(a) (amending 45 U.S.C. § 231a(b)); § 1117(b) (amending 45 U.S.C. § 231a(c)); § 1117(d) (amending 45 U.S.C. § 231a(e)(5)); § 1117(e) (amending 45 U.S.C. § 231a(f)); § 1117(f) (amending 45 U.S.C. § 231a(g)); § 1117(g) (amending 45 U.S.C. § 231a(h)).

5. *See* Omnibus Act § 1117(c) (adding 45 U.S.C. § 231a(d)(1)(v)).

Social Security Act. *See, e.g.,* 45 U.S.C. §§ 231b(a)(1), 231b(m), 231c(f)(1).[6]

Congress specifically considered and provided for the possibility that it would amend the entitlement provisions of the Social Security Act without amending similar Railroad Retirement Act provisions. Section 231r of the Railroad Retirement Act provides for "[a]utomatic benefit eligibility requirement adjustments." It states that if Congress amends the Social Security Act to reduce eligibility requirements or to add classes of eligible beneficiaries, such changes shall be automatically applicable to section 231a railroad retirement annuity claimants. This provision demonstrates that Congress not only considered the question before us, but also determined that automatic adjustments are appropriate only when eligibility requirements are to be liberalized. It clearly shows that Congress requires express amendment of the Act's provisions, or at least express authorization for automatic amendment.[7]

It is not unreasonable for Congress to provide benefits through the Railroad Retirement Act which are not available through the Social Security Act. As the Board acknowledges, the Omnibus Act did not affect 45 U.S.C. § 231a(d)(1)(iii). Therefore, while children of deceased railroad employees are able to collect annuities as minors until they reach the age of eighteen, children of other deceased employees are only entitled to annuity payments until they reach sixteen. Additionally, the Railroad Retirement system has traditionally required higher tax rates of its employers and employees than has the Social Security system—typically twice as high.[8] Congress was well aware of these high tax rates. *See* S.Rep. No. 93–1163, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 5702, 5708.

It would not be logical to assume that Congress meant to offer benefits with one hand, and to grab them back with the other. The plain language of the Railroad Retirement Act entitles Costello to a widow's annuity under section 231a, and there is nothing in the purpose or history of the Act to gainsay this clear intent, rather, the opposite. If Congress intends a contrary result, it can amend the Act to make its intention clear. Accordingly, we must reverse and remand with directions to award to Costello a widow's annuity for the time period which began with her initial application for the annuity and which ended when Patrick reached age eighteen.

---

**6.** Both the Railroad Retirement Act and the Social Security Act contain numerous explicit cross-references to each other. *See, e.g.,* 45 U.S.C. §§ 231q, 231u(c)(2); 42 U.S.C. §§ 402(*l*), 402(t)(4)(E), 405(c)(5)(d), 405(i), 405(*o*).

**7.** This provision is consistent with Congress's general intent that remedial statutes be liberally construed. *Cf. Damon v. Sec'y of Health, Education and Welfare,* 557 F.2d 31, 33 (2d Cir. 1977) (child's social security benefits); *Mandrell*

*v. Weinberger,* 511 F.2d 1102, 1103 (10th Cir. 1975) (Social Security Act); *Celebrezze v. Bolas,* 316 F.2d 498, 500 (8th Cir.1963) (Social Security Act).

**8.** *See* Internal Revenue Service, Doc. No. 6583, Tax Rates and Tables for Prior Years (Rev. 5–80); Railroad Retirement Board, Field Operating Manual 98 (1985).