**Walter J. MOORE, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. 88–2572–V.

United States District Court, D. Kansas.

Dec. 28, 1989.

**1010**

Henry M. Stoever, Overland Park, Kan., and Daniel J. Devine, Kansas City, Mo., for plaintiff.

Lee Thompson, U.S. Atty., and Janice Miller Karlin, Asst. U.S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This matter is before the court on defendant's motion for an order affirming the Secretary's decision and plaintiff's motion for summary judgment or, in the alternative, motion for judgment on the pleadings.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary of Health and Human Services. Plaintiff's applications—under Title II, 42 U.S.C. § 401 *et seq.*, and Title XVI, 42 U.S.C. § 1381 *et seq.* —were initially and upon reconsideration denied. However, on May 22, 1987, the administrative law judge (ALJ) found that plaintiff was entitled to a closed period of disability as defined in the Social Security Act and to disability benefits. On July 21, 1988, the Appeals Council of the Social Security Administration notified plaintiff that the ALJ's decision would be reopened and revised. On September 26, 1988, the Appeals Council found that plaintiff was not entitled to a period of disability or disability benefits under Title II. The Appeals Council did not reopen the ALJ's decision regarding plaintiff's claim for supplemental security income under Title XVI.[1]

On May 16, 1989, defendant filed a motion for an order affirming the Secretary's decision (Doc. 11). Plaintiff countered with a motion for summary judgment, or in the alternative, a motion for judgment on the pleadings (Doc. 15).

When the Secretary's decision is before the court for judicial review, the decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. section 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Perales*, 402 U.S. at 401, 91 S.Ct. at 1427. It is the function of the Secretary, not the court, to weigh the evidence, resolve conflicts, and determine the case accordingly. *Trujillo v. Richardson*, 429 F.2d 1149 (10th Cir.1979); *Garrett v. Califano*, 460 F.Supp. 888, 890 (D.Kan.1978). We do not fulfill our duty, however, with mere mechanical acceptance of the Secretary's findings. *Cellner v. Heckler*, No. 82–2311 (D.Kan., *unpublished*, October 21, 1983); *see also Mitchell v. Weinberger*, 404 F.Supp. 1213, 1215 (D.Kan.1975). The purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze*, 345 F.2d 894, 897 (10th Cir.1965). The Social

---

1. The initial determination on the supplemental security income (Title XVI) was outside the two-year period for reopening such claims, therefore, the Appeals Council lacked the authority to reopen the ALJ's decision concerning plaintiff's supplemental security income claim. *See* 20 C.F.R. section 416.1488(b); *cf.* 20 C.F.R. section 404.988(b) (four-year period for reopening and revising under Title II).

Security Act should be construed liberally to aid the disabled for whom it was designed to protect. *Mandrell v. Weinberger*, 511 F.2d 1102, 1103 (10th Cir.1975); *Keef v. Weinberger*, 404 F.Supp. 1193, 1195 (D.Kan.1975).

A short review of the factual record of this case will illustrate the positions of the parties.

In his application filed October 7, 1985, plaintiff alleged that he became disabled on April 25, 1985, at age 32, due to a broken right leg. Plaintiff sustained a gunshot wound on April 23, 1985, which resulted in a comminuted fracture of the subtrochanteric area of the right thigh. A refracture occurred in August, 1985, before plaintiff became fully weightbearing. In December, 1985, again before becoming fully weightbearing, he fractured his right hip. X-rays and surgical intervention revealed that he had pseudoarthritis of the original fracture area which weakened the bone, thereby contributing to a proximal fracture of the femoral neck. These impairments were allegedly sustained during the commission of a felony for which plaintiff was convicted and, later, incarcerated.

Plaintiff testified that he sustained the injury to his leg when shot by John Scoby with a 20–gauge shotgun while he was attempting to leave Mr. Scoby's residence. The cause of the shooting is unclear. At some time after he sustained the injury, while outside the residence, he raised his gun and pointed it at a man standing from 15 to 20 feet away. Plaintiff later pled guilty to one count of aggravated assault.

Plaintiff appeared before the ALJ on May 1, 1987. At that time plaintiff was 34 years old. He testified that his previous work experiences included stints as a residential and commercial painter, grocery store manager, and an automotive body man. Plaintiff also testified that at that time he had no problems using his hands, but had to use a cane when he walked. He further testified he could sit in a soft chair comfortably for one hour, could stand with his cane for about 2½ hours, and could walk 3 or 4 blocks. Vocational expert, Robert Rhodes, testified that plaintiff could perform work as a clerical cashier or a telephone operator, unless he required his right dominant hand to hold a crutch. At the time of the hearing plaintiff had been incarcerated a little over 1 year and his parole/probation hearing had been denied because he had not taken part in the alcohol and drug counseling program.

Plaintiff attested to the fact that prior to his impairment he had a drinking problem. He used alcohol, marijuana, quaaludes and valium, and said that he had been consuming two six-packs of beer a day. A psychological evaluation of plaintiff, conducted by Dr. Kaplan, indicated that plaintiff suffered from a paranoid personality disorder. Because of his substance abuse and intense feelings of anger and resentment he engaged in periodic aggressive acting out behavior, particularly when intoxicated. However, no major psychiatric or physical illnesses were detected. Plaintiff has not alleged any disability due to these problems or any aggravation thereof. His claim for benefits hinges only on the impairment due to the gunshot wound to his right leg.

█ Generally, to be regarded as disabled an individual must be unable to engage in any substantial gainful activity for at least twelve consecutive months by reason of a medically determinable impairment. 42 U.S.C. §§ 416(i) and 423(d)(1)(A); *Talbot v. Heckler*, 814 F.2d 1456, 1459 (10th Cir.1987); *Kreie v. Bowen*, 656 F.Supp. 765, 767 (D.Kan.1987). On May 22, 1987 the ALJ rendered his decision in this matter. He found that beginning on April 23, 1985, and continuing through August, 1986, that plaintiff's exertional and nonexertional impairments precluded a vocational adjustment to work which existed in significant numbers in the national economy as plaintiff did not have the residual functional capacity for even sustained sedentary work. Plaintiff was thus awarded a closed period of disability and disability benefits.

On July 21, 1988, Appeals Council of the Social Security Administration notified plaintiff that the ALJ's decision would be reopened and revised. The Appeals Council reopened the case under the authority of

20 C.F.R. 404.989(a)(3) stating that "the evidence that was considered in making the determination or decision clearly show[ed] on its face that an error was made."

The Appeals Council grounded this conclusion in section 404.1506 of the Secretary's regulations. This section provides, in relevant part, that:

(a) *Permanent exclusion of felony-related impairment.* In determining whether you are under a disability, we will not consider any physical or mental impairment, or any increase in severity (aggravation) of a preexisting impairment, which arises in connection with your commission of a felony after October 19, 1980, if you are subsequently convicted of this crime. Your subsequent conviction will invalidate any prior determination establishing disability if that determination was based upon any impairment, or aggravation, which we must exclude under this rule.

(b) *Limited use of impairment arising in prison.* In determining whether you are under a disability for purposes of benefit payments, we will not consider any physical or mental impairments, or any increase in severity (aggravation) of a preexisting impairment, which arises in connection with your confinement in a jail, prison, or other penal institution or correctional facility for conviction of a felony committed after October 19, 1980. The exclusion of the impairment, or aggravation, applies in determining disability for benefits payable for any month during which you are confined. This rule does not preclude the establishment of a period of disability based upon the impairment or aggravation. You may become entitled to benefits upon release from prison provided that you apply and are under a disability at the time.

20 C.F.R. §§ 404.1506(a) and (b); *see also* 42 U.S.C. § 423(d)(6)(A).

On September 26, 1988, the Appeals Council rendered its decision. They found that plaintiff sustained his right lower extremity impairment during the commission of a felony for which he was convicted, and it was therefore clear error for the ALJ to determine that plaintiff was impaired. They found, similarly, any impairment arising from, or aggravated by, his confinement for a felony conviction was not to be considered in determining plaintiff's entitlement to disability for benefits payable during any month of his confinement. This latter point is not at issue.

Plaintiff argues that the case should not have been reopened because there is *no clear* showing on the face of the evidence that the determination of the ALJ was clear error. Plaintiff further alleges that the ALJ was aware of the Secretary's regulation (section 404.1506) with respect to the exclusion of felony related impairments, and made his decision despite it. However, the record does not support this latter allegation. "Some legal aspects of this case" cannot be interpreted to mean that the ALJ considered, specifically, regulation section 404.1506 where it does not appear explicitly in the record. Therefore, there is nothing in the record to indicate that the ALJ considered regulation section 404.1506 in rendering his decision.

■ Since there is no evidence in the record that the ALJ considered the regulation, despite the fact that plaintiff's conviction was of record, this court finds clear error was made. Thus, error clearly shows on the face of the record and the Appeals Council had good cause to reopen the case. *See Ortego v. Weinberger,* 516 F.2d 1005, 1017 (5th Cir.1975); 20 C.F.R. 404.989(a)(3). We hold further that the Appeals Council did not abuse its discretion or commit gross error in denying the disability benefits claimed under Title II.

The court in reviewing decisions of the Secretary is not to examine all the evidence as if trying the case *de novo.* *See Ortego,* 516 F.2d at 1015. The task of this court, as defendant aptly argues, is to review the decision of the Appeals Council and to consider whether the findings of the Secretary are supported by substantial evidence. *Fierro v. Bowen,* 798 F.2d 1351, 1355 (10th Cir.1986), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 789 (1987). The Tenth Circuit Court of Appeals ruled in

*White v. Schweiker*, 725 F.2d 91 (10th Cir. 1984), that:

> ... on any matter committed to the absolute discretion of the Social Security Administration the Appeals Council may substitute its judgment for that of the ALJ and the federal courts have no jurisdiction to review that action.

*Id.* at 94. If the district court finds that a decision of the Appeals Council is supported by substantial evidence then the court is without the authority to overturn such a determination.

In this case we find that the Appeals Council's decision overturning the ALJ's prior determination is substantially supported by the evidence. Plaintiff's impairment, for which the ALJ ruled he was due benefits, arose in connection with his commission of a felony for which he was subsequently convicted and incarcerated. The ALJ failed to consider the Secretary's regulation excluding the determination of disability in just these cases. 20 C.F.R. § 404.1506(a) This was clear error on the record. The Appeals Council thus had the authority to reopen the case. 20 C.F.R. § 404.989(a)(3). Upon reopening the case, the Appeals Council determined regulation section 404.1506(a) governed this case and thus denied the plaintiff the benefits he had been awarded by the ALJ. The Appeals Council's decision is supported by substantial evidence. Therefore, their factual determination cannot be overturned by this court. We must affirm the decision of the Secretary.

Defendant's motion for an order affirming the Secretary's decision is hereby granted, while plaintiff's motion for summary judgment and motion for judgment on the pleadings is denied.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.