# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1759

_____

Ronald L. Chelette,                                  *
                                                     *
              Plaintiff/Appellee,                    *
                                                     *
       v.                                            *
                                                     *
Grant Harris, Warden, Official and                   *
Individual Capacity, Jefferson County                *
Jail Correctional Facility,                          *
                                                     *   Appeal from the United States
              Defendant/Appellant,                   *   District Court for the
                                                     *   Eastern District of Arkansas.
Brenda Spears, Ombudsman, Official                   *
and Individual Capacity; Candy Reeves,               *
Nurse RN-CN, Official and Individual                 *
Capacity, Jefferson County Jail                      *
Correctional Facility (originally sued as            *
C. Reeves); Christine Turntine, Nurse,               *
Official and Individual Capacity,                    *
Jefferson  County Jail Correctional                  *
Facility (originally sued as Chris                   *
Turntine),                                           *
                                                     *
              Defendants.                            *

_____

Submitted: June 13, 2000

Filed:  October 10, 2000

_____

Before WOLLMAN, Chief Judge, McMILLIAN, Circuit Judge, and PANNER,[1] District Judge.

_____

WOLLMAN, Chief Judge.

Ronald Chelette, a prisoner at the Jefferson County, Arkansas, Jail Correctional Facility, filed a 42 U.S.C. § 1983 action against the facility and three of the facility's employees personally and in their official capacities (collectively, the defendants) for failing to provide him with adequate medical care. The defendants take this interlocutory appeal from the denial by the magistrate judge (presiding by consent of the parties under 28 U.S.C. § 636(c)) of their motion to dismiss on the ground that Chelette had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). We reverse and remand.

## I.

The Jefferson County Jail Correctional facility is operated by the Arkansas Department of Corrections. Proceeding pro se, Chelette filed a complaint alleging that, after injuring his wrist in an altercation with another inmate, he experienced continuing pain and alerted prison warden Grant Harris to the problem. The complaint alleges that despite Harris's assurance that the problem would be taken care of, Chelette received inadequate medical care. The complaint requests damages and injunctive relief.

The standardized form used by Chelette in filing the complaint contains the question "Did you present the facts relating to your complaint in the state prisoner grievance procedure?" Chelette placed a check next to "No." On the lines provided for explanation, he wrote, "Because Warden Harris stated he would take care of the

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

matter." In denying the defendants' Rule 12(b)(1) motion to dismiss, the district court found that although Chelette "likely could have filed a separate grievance over the alleged lack of medical care," it was logical for Chelette to believe that he had pursued such administrative remedies as were available to him. Accordingly, the district court concluded that Chelette had adequately exhausted his administrative remedies.

## II.

Chelette asserts that the defendants' appeal is not properly before this court because the magistrate judge lacked the authority to certify defendant's interlocutory appeal. We do not agree.

Generally, only a final order may be appealed. Section 1292(b) creates an exception to this rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (1994). Chelette argues that since the statute specifically mentions "a district judge," a magistrate judge lacks the authority to certify an interlocutory appeal. The two cases he cites , however, conclude that 28 U.S.C. § 636(c)(1) and (c)(3) give magistrates that authority in cases where all parties have consented to have their case heard by a magistrate. See LeVick v. Skaggs Cos., 701 F.2d 777, 778 (9th Cir. 1983); Central Soya Co. v. Voktas, Inc., 661 F.2d 78, 81 (7th Cir. 1981) (per curiam); see also Vitols v. Citizens Banking, 984 F.2d 168, 169 (6th Cir. 1993) (per curiam). Chelette argues that, because section 1292 has been amended multiple times since Central Soya without changing the "district judge" language to

conform with the judicial interpretation, Congress must disagree with that interpretation. In our view, this observation supports quite the opposite conclusion. See Costello v. United States R.R. Retirement Bd., 780 F.2d 1352, 1355 (8th Cir. 1985) (holding that amendment of some portions of a statute evidenced congressional intent to leave unamended portions intact). When Congress repeatedly amends only some portions of a statute, we infer that it intends no change to the law of unamended portions. Accordingly, we conclude that the magistrate judge had the authority to certify the defendants' interlocutory appeal and that this matter is thus properly before us.

## III.

### A.

We turn, then, to the question whether the district court properly denied the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Although section 1997e(a) mandates the exhaustion of administrative remedies, a plaintiff's failure to fulfill a statutory requirement does not necessarily deprive the federal courts of subject matter jurisdiction. In Weinberger v. Salfi, the Supreme Court distinguished between provisions that merely codify the requirement that administrative remedies must be exhausted and those that impose jurisdictional requirements. 422 U.S. 749, 757 (1975). The latter must contain "sweeping and direct" statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim. See id.; Wright v. Morris, 111 F.3d 414, 420-21 (6th Cir. 1997) (applying Salfi to section 1997e(a)). An administrative exhaustion requirement is jurisdictional only if it goes beyond the language necessary to codify an exhaustion requirement. See Wright, 111 F.3d at 420-21.

The Prison Litigation Reform Act of 1996 ("PLRA") amended 42 U.S.C. § 1997e(a). Pub. L. 104-134, § 101, 110 Stat. 1321 (1996). Prior to that amendment,

prisoners filing claims under 42 U.S.C. § 1983 were not generally required to exhaust their administrative remedies.  See Wright, 111 F.3d at 418.  The PLRA amendment of section 1997e(a) altered the statute, mandating exhaustion: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

The language of section 1997e(a) does not contain the sort of "sweeping and direct" language necessary to impose a jurisdictional requirement.  Wright, 111 F.3d at 421.  Rather, the language "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted" governs the timing of the action, indicating "'merely that only those actions shall be brought in which administrative remedies have been exhausted.'"  Id. (quoting Salfi, 422 U.S. at 757).  To interpret section 1997e(a) as jurisdictional would collapse the Supreme Court's distinction between jurisdictional prerequisites and mere codifications of administrative exhaustion requirements.  See id.

Moreover, other subsections of section 1997e indicate that exhaustion is not a jurisdictional requirement.  See Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000).  The PLRA also included section 1997e(c)(2), which gives district courts the power to dismiss some claims on their merits even when administrative remedies have not been exhausted:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2).  Because the existence of jurisdiction is a prerequisite to the evaluation and dismissal of a claim on its merits, it follows that that jurisdiction is not

divested by the failure to exhaust administrative remedies. See Nyhuis, 204 F.3d at 69 n.4 ("If exhaustion under the PLRA were jurisdictional, [section 1997(c)(2)] . . . and the power it gives district courts would make no sense."); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998).

Those circuits that have considered the issue have concluded that the exhaustion requirement is not jurisdictional. See Nyhuis, 204 F.3d at 69 n.4 ("[W]e agree with the clear majority of courts that section 1997e(a) is not a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction."); Rumbles v. Hill, 182 F.3d 1064, 1066 (9th Cir. 1999) (holding that failure to exhaust administrative remedies under section 1997e(a) does not deprive a federal court of subject matter jurisdiction where money damages are the sole relief sought and are not available through prison grievance procedures); Perez v. Wisconsin Dep't. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) ("Failure to exhaust administrative remedies does not deprive a court of jurisdiction."); Basham v. Uphoff, No. 98-8013, 1998 WL 847689 at *3 (10th Cir. Dec. 8, 1998) (table); Underwood, 151 F.3d at 294 (holding that the language of § 1997e(a) ". . . is exactly the kind of language held in Weinberger v. Salfi not to limit federal jurisdiction"); Wright, 111 F.3d at 420-21 (applying Salfi, 422 U.S. at 757). Agreeing with these decisions, we conclude that failure to exhaust administrative remedies under section 1997e(a) does not deprive a federal court of jurisdiction, both because the statutory language is insufficient to create a jurisdictional requirement and because other portions of the PLRA indicate that federal courts do have jurisdiction in cases where administrative remedies remain.

## B.

That the district court did not lack subject matter jurisdiction is not the end of the matter, however, for once the defendants filed their motion to dismiss the court was

obligated to proceed to determine whether in fact Chelette had exhausted his administrative remedies. See Perez, 182 F.3d at 535-36.

In making its finding that Chelette could logically have believed that he had exhausted such administrative remedies as were available to him, the district court had before it the affidavit of the Department of Corrections Inmate Grievance Coordinator, as well as Chelette's response to the motion to dismiss. The court thus treated the motion, as it was entitled to do, as one requiring it to make findings of fact on the question of exhaustion. See Osborn v. United States, 918 F.2d 724, 729-30 (8th Cir. 1990); Crawford v. United States, 796 F.2d 924, 927-29 (7th Cir. 1986).

We conclude that the district court erred in finding that Chelette had exhausted his administrative remedies. If it is "likely" that Chelette could have filed a grievance over the alleged lack of medical care, it can hardly be said that he exhausted such administrative remedies as were available to him. Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for "we are not free to engraft upon the statute an exception that Congress did not place there." Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000).

The judgment is reversed, and the case is remanded to the district court with directions to dismiss the complaint without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.